Priority ✓
Send ___
Enter ___
Closed ___
US-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
|---|---|---|---|

| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. |
|---|---|

Present: The Honorable       CHRISTINA A. SNYDER

| YVETTE LOUIS | LAURA ELIAS | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendants: |
|---|---|
| Fari Nejadpour | Joseph Kish |

**Proceedings:**       **DEFENDANTS' MOTION TO DISMISS**
**(filed May 7, 2007)**

**PLAINTIFF'S MOTION TO STRIKE AND MOTION TO REMAND**
**(filed May 29, 2007)**

## I.       BACKGROUND AND INTRODUCTION

Plaintiff William Silverstein is an individual who provides internet web hosting and e-mail services as a sole proprietorship. Compl. ¶ 1.  Plaintiff alleges that defendants E360Insight, LLC ("E360"), Bargain Depot Enterprises, LLC, aka bargaindepot.net ("Bargain Depot"), David Linhardt ("Lindhardt"), and Moniker Online Services, LLC ("Moniker"), are engaged in the business of sending illegal, unsolicited commercial e-mail, otherwise known as "spam."  On March 16, 2006, plaintiff filed a complaint in the Los Angeles County Superior Court, asserting claims against all defendants for: (1) violation of California Business and Professions Code § 17529.5 et seq.; and (2) violation of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("the CAN-SPAM Act"), pursuant to 15 U.S.C. § 7702.  Plaintiff seeks injunctive relief, statutory damages of $1,000 for each of the complained of e-mails in accordance with California Business and Professions Code § 17529.5, statutory damages of $123 per e-mail under the CAN-SPAM Act, aggravated damages of $375 per e-mail in accordance with 15 U.S.C. § 7706(g)(3)(C), general damages to be determined at trial,



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |

| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. |

punitive damages in an amount no less than $11,700,000, and attorneys' costs and fees. On April 30, 2007, defendants removed the action to this Court based on federal question jurisdiction under the CAN-SPAM Act and diversity jurisdiction.[1]

On May 7, 2007, defendants Linhardt, Moniker, E360 and Bargain Depot filed a motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Defendants also request that portions of the Complaint be stricken pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff filed an opposition to defendants' motion on June 12, 2007. Defendants filed a reply thereto on June 18, 2007.

On May 29, 2007, plaintiff filed a motion to strike defendants' notice of interested parties, and a motion to remand. Defendants filed an opposition to plaintiff's motions on June 11, 2007. Plaintiff filed a reply thereto on June 18, 2007.

A hearing was held on June 25, 2007.

## II.     DEFENDANTS MONIKER AND LINHARDT'S MOTION TO DISMISS PURSUANT TO 12(b)(2)

### A.     Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(2)

#### 1.     General Jurisdiction

Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or limited. California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process are the same. Roth, 942 F.2d at 620. In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). "The Supreme Court has bifurcated this due process determination into two inquiries, requiring, first, that the defendant have the requisite contacts with the forum state to render it subject to the forum's jurisdiction, and second, that the

---

[1] The parties do not appear to object to this Court's jurisdiction based on diversity of citizenship. Even if the parties are not diverse, the Court would have subject matter jurisdiction because of plaintiff's claim under the CAN-SPAM Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | | |

assertion of jurisdiction be reasonable." Unocal, 248 F.3d at 925 (quoting Amoco Egypt Oil v. Leonis Navigation Co., Inc., 1 F.3d 848, 851 (9th Cir. 1993)(citations omitted)). A court may have general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

2.    Specific Jurisdiction

A court may assert limited jurisdiction over a cause of action that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for limited personal jurisdiction has three parts:

(1)    the defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;

(2)    the claim must arise out of or result from the defendant's forum-related activities;

(3)    exercise of jurisdiction must be reasonable.

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985).

The third prong, reasonableness, requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1996).

Where, as here, the court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiffs' version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts between the parties' affidavits must be resolved in plaintiffs' favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).

///

///

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
|----------|------------------------|------|---------------|

| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. |
|-------|---|

**B.     Discussion as to Moniker**

1.     General Jurisdiction

In his complaint, plaintiff alleges that Moniker is a limited liability corporation, duly organized in Florida, with its principal place of business in Florida. Compl. ¶ 2. Plaintiff further alleges that Moniker "operates highly interactive web sites that are specifically programmed to conduct business with California residents." Compl. ¶ 14.

Moniker contends that plaintiff has failed to meet his burden of demonstrating that Moniker is subject to the general jurisdiction of this Court because plaintiff has not alleged that Moniker has had "continuous and systematic contacts with the forum." Mot. at 7. Moniker submits a declaration from Eric Harrington ("Harrington"), President of Domain Systems, Inc., the managing member of Moniker. Mot. at 20. In his declaration, Harrington states that Moniker does not own, use or possess any real property in California; does not pay taxes in California; does not maintain an account with a California bank; is not registered to do business in California; and is not licensed or regulated by any government agency in California. Decl. of Eric Harrington ("Harrington Decl.") at ¶¶ 5,6. Additionally, Harrington states that Moniker has never had employees in California; that it has no office; mailing address post office box or telephone directory listing in California; that Moniker does not advertise in California; and that the corporation has never made a general appearance in an action in any state or federal court in California. Harrington Decl. ¶¶ 7-9.

Plaintiff responds that Moniker is subject to general jurisdiction of this Court because it "owns the domain names that were advertised by the spam at issue in this case. Moniker then leased these domains to the other [d]efendants." Opp'n at 4. Plaintiff contends that Moniker's privacy service operates by "taking ownership of the domain name, and then leasing the domain name to their customer for a fee, while keeping the identity of the actual and current domain name lessor a secret." Id. Additionally, plaintiff asserts that Moniker has not disputed that it "regularly and systematically solicit[s] business from and conducts business with California residents" or that it "operates highly interactive web sites that are specifically programmed to conduct business with California residents." Id. Finally, plaintiff argues that Moniker has sent sales people to trade shows in California to solicit business. Opp'n at 4-5.

With respect to general jurisdiction, Moniker responds that although plaintiff asserts that Moniker owns the domain names from which the alleged spam was sent, such allegation is not contained in the Complaint, and is not supported by an affidavit, declaration or any other document by which the Court can attribute the e-mails to Moniker. Reply at 3. Additionally, Moniker contends that plaintiff cannot meet

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | | |

his burden of establishing general jurisdiction by vaguely asserting that Moniker "regularly and systematically solicits business from and conducts business with California residents" or that it "operates highly interactive web sites that are specifically programmed to conduct business with California residents without asserting particular facts to establish the connection between Moniker and this forum state." Reply at 3 (citing Greenspun v. Del. E. Webb Corp., 634 F.2d 1204, 1208 (9th Cir. 1980)). Finally, Moniker argues that its presence at the trade show does not establish general jurisdiction.[2] Reply at 3-4.

      2.    Specific Jurisdiction

      With respect to specific jurisdiction, Harrington states that Moniker was not involved in the acts complained of in the Complaint, and that Moniker did not send, authorize or have knowledge of the emails complained of the Complaint. Harrington Decl. ¶¶ 11-12.

      Plaintiff responds that Moniker is subject to specific jurisdiction because "[t]he harm complained of in this case arises from the illegal spam being sent to [p]laintiff through [p]laintiff's servers located in Los Angeles[,] California[,] advertising [d]efendants' web sites." Opp'n at 5. Additionally, plaintiff argues that, even if the alleged facts did not connect Moniker to this jurisdiction, Moniker contracted with ICANN (the international organization that licenses all internet domain registrars) that it would accept liability for illegal use of their domain name where Moniker fails to identity the current lessor of the domain name where reasonable evidence of actionable harm is provided by the requesting party. Opp'n at 5 (contract not provided in record).

      Moniker responds that the e-mails were not sent on behalf of Moniker. Harrington Decl. ¶ 13. Moniker points out that, in the Complaint, plaintiff alleges that "Moniker's only involvement in the activities complained of herein is Moniker's concealment of the identity of [d]efendants." Mot. at 4 (citing Compl. ¶ 4). Additionally, Moniker argues that even if the alleged conduct is true, it is "insufficient for this court to exercise personal jurisdiction over Moniker." Reply at 4.

      Neither party asserts facts regarding the other factors which the Court must balance such as, the burden on the defendant, conflicts of law between the forum state and the defendant's state, the forum's

---

      [2] Moniker also requests that the "Wagner Declaration" on which plaintiff relies to establish Moniker's presence at the trade show should be stricken because the operative representation merely states that Moniker "appeared" to be "soliciting business," an unsubstantiated statement. Reply at 4. The Court does not rely on the "Wagner Declaration" because it appears that plaintiff failed to file the declaration with the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
|---|---|---|---|

| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. |
|---|---|

interest in adjudicating the dispute, judicial efficiency, the plaintiff's interest in convenient and effective relief, and the existence of an alternative forum.

Although "[u]sing e-mail to communicate with other computer users may subject a non-resident to local personal jurisdiction," the Court must consider the extent of the contact with the forum. Judge William W. Schwarzer, Judge A. Wallace Tashima, and James M. Wagstaffe, Federal Civil Procedure Before Trial 3:221 (The Rutter Group 2007) ("Federal Civil Procedure Before Trial"). For example, "[t]ransmitting data through interstate communication facilities does not normally constitute a sufficiently 'continuous, systematic' activity to subject the sender to unlimited (general jurisdiction) wherever the transmissions are received." Federal Civil Procedure Before Trial 3:222 (citing Naxos Resources (U.S.A.) Ltd v. Southam Inc., 1996 WL 662451 (C.D. Cal. 1996)). However, it has been suggested by some courts that "'substantial, ongoing' advertising on the Internet could subject a nonresident advertiser to general jurisdiction locally (i.e., on claims unrelated to the advertising)." Id. (citing EDIAS Software Int'l, L.L.C. v. BASIS Int'l, Ltd., 947 F. Supp. 413, 417 (D. Ariz. 1996); Mieczkowski v. Masco Corp., 997 F. Supp. 782, 787-88 (E.D. Tex. 1998)). Business transactions which are conducted via the internet, may subject the defendant to specific jurisdiction and are subject to the same analysis as traditional business transactions. Federal Civil Procedure Before Trial 3:235 (citing Zippo Mfg. Co. v. Zippo Dot. Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Penn. 1997) ("Traditionally, when an entity intentionally reaches beyond its boundaries to conduct business with foreign residents, the exercise of specific jurisdiction is proper . . . Different results should not be reached simply because business is conducted over the Internet.").

Based on the record before it, the Court cannot determine whether it would be proper to assert general or specific jurisdiction over Moniker. Therefore, the Court continues Moniker's motion to dismiss for lack of personal jurisdiction for 45 days to enable the parties to conduct jurisdictional discovery.

**C.     Discussion as to Linhardt**

    1.     General Jurisdiction

Linhardt states that he is the President of e360, and that he is a resident of Lake County, Illinois. Decl. of David Linhardt ("Linhardt Decl.") at 1. Additionally, Linhardt states that: his only place of business is in Cook County, Illinois; he does not own, use or possess any real property in California; he does not pay taxes in California; he does not maintain an account with a California bank; he is not registered to do business in California; he is not licensed or regulated by an government agency in California; he does not and never has had employees in California; he has no mailing address, post office box or telephone directory listing in California; he has never made a general appearance in an action in any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
|---|---|---|---|

| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. |
|---|---|

state or federal court in California; he does not advertise in California; and he has never personally conducted business in California or, to the best of his knowledge, with a California resident.  Linhardt Decl. ¶¶ 2-9.

Plaintiff responds that Linhardt maintains an office in Laguna Hills, has appointed an agent of service for process at that office, and was served at that office.  Opp'n at 6.  Plaintiff further contends that Linhardt uses a commercial mail receiving agent ("CMRA") in Laguna Hills as his California office, and therefore in contracting with the CMRA, he knowingly and willfully accepted California jurisdiction pursuant to California Business and Professions Code § 17538.5(f) (mandating that a CMRA within the state must obtain written acceptance of such jurisdiction from its customers).  Opp'n at 6.  Because Linhardt has been served at his Laguna Hills office, plaintiff contends that he is subject to jurisdiction in California.  Opp'n at 6 (citing to Burnham v. Superior Court of California, 495 U.S. 604) (referring to Decl. of Lisa Coleston and proofs of service in Ex. B, and "Decl. of Arin, Ex. G" which is not filed with the Court).

Additionally, plaintiff asserts that through his counsel, Linhardt has filed a sworn declaration in a "separate by related federal case," e360 Insight, LLC and David Linhardt v. The Spamhaus Project, Cas No. 06-CV-03958 (N.D. of Ill.), "to the effect that he personally lost business and business opportunities in California due to acts of [d]efendants in that separate case."  Opp'n at 6 (no citation to the N.D. Ill. Linhardt Decl.).[3]  Plaintiff argues that, based on the statements in his affidavit, Linhardt "makes abundantly clear . . . that he personally conducts business with, and solicits business from California residents."  Opp'n at 7.

///
///
///

---

[3]  Plaintiff attaches the affidavit of David Linhardt, purportedly filed in the Northern District of Illinois.  However, there is no authenticating declaration.  In the affidavit, Linhardt states that "e360 and I have suffered disastrous consequences as a direct result of being placed" on an ISP blacklist targeted at spammers, "e360 and I have had active and pending contracts cancelled as a result of" being placed on the list, and "e360 and I have lost numerous opportunities to obtain future work as a result of [defendant's] conduct."  Linhardt Affidavit ¶¶ 31-33.  Linhardt further attests that these lost business opportunities include "Net Blue, Cogent, Habeas, [and] Yipes," which plaintiff asserts have principal places of business in California.  Linhardt Affidavit ¶ 33 (exhibits attached attached but no authenticating declaration).  Linhardt further states that his reputation has suffered significantly.  Linhardt Affidavit ¶ 35.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
|---|---|---|---|

| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. |
|---|---|

2.      Specific Jurisdiction

Linhardt states that he was not personally involved in the acts complained of in the Complaint, and therefore argues that has not purposefully availed himself to this forum. Linhardt Decl. ¶ 9.

Additionally, Linhardt argues that he is not subject to this Court's jurisdiction because of his actions as President of e360 and Bargain Depot, a division of e360. Mot. at 8. Linhardt argues that, for jurisdictional purposes, "the acts of officers and directors of an entity are considered the acts of the entity exclusively and are not material for purposes of establishing minimum contacts as to the officers and directors." Mot. at 8 (citing Shearer v. Superior Court, 70 Cal. App. 3d 424, 430 (Cal. Ct. App. 1977)). Because corporations must act through agents, Linhardt contends that "[a]cts performed by the corporate agents, in their official capacity, cannot reasonably [be] attributed to the agent creating personal jurisdiction." Id. at 8-9 (citing Colt Studio, Inc. v. Badpuppy Enterprises, 75 F. Supp. 2d 1104, 1119 (C.D. Cal. 1999)). Therefore, Linhardt argues that personal jurisdiction cannot attach to him because of his actions as an authorized agent of e360 and Bargain Drepot. Mot. at 8-9.

Plaintiff asserts that the Complaint alleges that Linhardt was personally involved in the actions complained of which took place through plaintiff's servers, located in California. Opp'n at 7 (citing Seagate Technology v. A.J. Kogyo Co., 219 Cal. App. 3d. 696, 701-702 (Cal. Ct. App. 1990) ("Directors are jointly liable with the corporation and may be joined as defendants if they personally directed or participated in the tortious conduct."); (citing also Compl. ¶¶ 5,8).[4]

Linhardt responds that "there are no allegations that even remotely demonstrate that Linhardt acted in any capacity other than in an official one." Reply at 7. Therefore, Linhardt argues that "personal jurisdiction cannot attach to [him] merely because of his actions as an authorized agent of e360Insight and Bargain Depot," and therefore he must be dismissed from the suit. Id.

Neither party asserts facts concerning the other factors which the Court must balance such as, the burden on the defendant, conflicts of law between the forum state and the defendant's state, the forum's
///

---

[4] The Complaint alleges that "Linhardt actively conrol[lled], managed, and approved all activities complained of herein." Compl. ¶ 5. Additionally paragraph 8 alleges that "all [d]efendants are doing the things hereinafter mentioned were acting within the course and scope of their authority as such agents, servants, and employees with the permission, consent, and encouragement of their co-[d]efendants." Compl. ¶ 8.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | | |

interest in adjudicating the dispute, judicial efficiency, the plaintiff's interest in convenient and effective relief, and the existence of an alternative forum.

As with Moniker, the Court cannot determine from the record before it whether it would be proper for this Court to assert general or specific personal jurisdiction over Linhardt. Therefore, the Court continues Lindhardt's motion to dismiss for lack of personal jurisdiction for 45 days to enable the parties to conduct limited jurisdictional discovery.

## III.    DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

### A.    Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. A court must not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998); Cahill, 80 F.3d at 338. The complaint must be read in the light most favorable to the plaintiff. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Continental Corp. v. Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds *sub nom* Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | | |

re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied "when the court determines that other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.    Discussion**

1.    Whether the Claims Must be Pled With Requisite Particularity

Defendants contend that the motion to dismiss is proper because plaintiff has failed to plead his claims with requisite particularity. Mot. at 12 (citing Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993) for the proposition that a plaintiff alleging a violation under Cal Bus. & Prof. Code § 17500, of which Section 17529.5 is a subpart, requires a statement with reasonable particularity as to the facts supporting the statutory elements of the violation). Defendants assert that the Complaint fails to state who sent the e-mails, how all of the defendants violated the Code, and what was false in the headers and subject lines at issue. Mot. at 13. Defendants also note that, although plaintiff alleges that he has received 87 illegal e-mails, he has failed to attach any to the Complaint. Id.

Defendants further argue that, pursuant to Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"), plaintiff must plead "all averments of fraud or mistake" and "the circumstances constituting fraud or mistake" with particularity. Mot. at 13. Defendants rely on Asis Internet Services v. Optin Global, Inc., 2006 U.S. Dist. LEXIS 46309 at *15 (N.D. Cal. 2006), wherein the district court held that some of plaintiff's claims had not met the Rule 9(b) particularity requirement.

Plaintiff responds that the heightened pleading requirements of Rule 9(b) do not apply because his allegations are not grounded in fraud. Opp'n at 10. Plaintiff asserts that a comparison of the elements required to establish violations of Section 17529.5 and the CAN-SPAM Act with the elements required to establish fraud make plain that the alleged violations of the statutes do not constitute "averments of fraud or mistake" that would trigger the applicability of Rule 9(b). Opp'n at 11. Specifically, plaintiff argues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
|---|---|---|---|

| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. |
|---|---|

that the statutes do not require anyone to actually rely on the misinformation provided in a particular e-mail, unlike a claim for fraud. Id. Additionally, plaintiff argues that, unlike a claim for fraud, the statutes do not require that the person sending the e-mail do so with the "intent to deceive." Id. at 12. In short, plaintiff argues that Section 17529.5 and the CAN-SPAM Act "require virtually none of the scienter, intent, damages, or interplay between the actors, that are all required in an action for fraud." Id. Plaintiff asserts that, instead, the statutes are prospective and impose strict liability for violations. Id. As such, plaintiff argues that requiring him to meet the heightened pleading requirements of Rule 9(b) would force him to plead numerous facts that he would not be required to prove at trial. Id.

In his Complaint, plaintiff alleges that, in violation of California Business and Professions Code § 17529.5 ("Section 17529.5") defendants have sent e-mails which "contained or [were] accompanied by falsified, misrepresented, or forged header information.' Compl. ¶ 43. Plaintiff alleges that, in violation of the CAN-SPAM Act, defendants "sent spam to [p]laintiff that contain[ed], or was accompanied by, header information that is materially false or materially misleading" and that defendants "engaged in a pattern or practice of sending spam containing subject lines intended to, and likely to, mislead recipients, acting reasonably under the circumstances, about a material fact regarding the contends or subject matter of the message." Compl. ¶¶ 53, 54. Additionally, plaintiff alleges that many of the complained of spam e-mails contain different domain names within the advertised hyperlink and/or within the e-mail address header, that there is "no valid reason for [d]efendants to use multiple domain names," and as such, plaintiff believes that "the only purpose for the multiple domain names is to deceive the spam filters in an attempt to trick the recipient into opening and reading the e-mail." Compl. ¶¶ 33-34. Based on the foregoing allegations, the Court finds that plaintiff has alleged that defendants engaged in some fraudulent conduct, and therefore, plaintiff must plead these allegations with particularity, as required by Rule 9(b). See Asis Internet Services v. Optin Global Inc. et al., 2006 U.S. Dist. LEXIS 46309 (N.D. Cal. June 30, 2006) (finding that while neither the CAN-SPAM Act nor Section 17529 include all of the elements of common law fraud, plaintiff is required the plead with Rule 9(b) specificity where plaintiff has alleged either some fraudulent conduct or a unified course of fraudulent conduct).

Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th cir. 1989). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged." Vess, 317 F.3d at 1106 (internal quotation marks and citations omitted). It is not sufficient merely to identify the transaction. Rather "[t]he plaintiff must set forth what is false or misleading about a statement and why it is false." Id. (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
|----------|-----------------------|------|---------------|

| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. |
|-------|---|

In the Complaint, plaintiff provides the following details: "that each of the 'From:' field[s] in the complained of spam do not [] accurately identify the sender," including using such names as "Brighton Handbags," "Prada & Fendi," "6for48Shades," "Louis Vuitton," "Cheaper Oakleys," "Compare to Oakley," and "Designer Eyewear" in the "From:" field of the e-mail; that"Brighton Handbags" did not send the e-mails complained of; and that each of the spam e-mails fail to include the valid physical postal address of the sender. Compl. ¶¶ 35, 36. However, plaintiff does not provide details as to why the headers and subject lines in the complained of e-mails were false or misleading. See Asis Internet Services, 2006 U.S. Dist. LEXIS 46309 at *15. In short, plaintiff fails to allege the "who, what, when, where and how of the misconduct alleged." Vess, 317 F.3d at 1106. Based on the foregoing, the Court GRANTS with leave to amend defendants' motion to dismiss the Complaint because plaintiff has failed to plead his allegations under Section 17529.5 and the CAN-SPAM Act with particularity, as required by Rule 9(b).

2.   Preemption of Cal. Bus. and Prof. Code § 17529.5 by CAN-SPAM

Defendants argue that Section 17529.5 is preempted by CAN-SPAM, and therefore the claims under Section 17529.5 should be dismissed. Mot. at 11. Plaintiff responds that claims based on Section 17529.5 fit within the exception provided for in the CAN-SPAM Act preemption provision. Opp'n at 17-20.

The CAN-SPAM Act provides:

This Act supersedes any statute, regulation, or rule of State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto.

15 U.S.C. § 7707(b)(1).

The pertinent provisions of Section 17529.5 provide:

(a) It is unlawful for any person or entity to advertise in a commercial e-mail advertisement either sent from California or sent to a California electronic email address under any of the following circumstances: . . .

(2) The e-mail advertisement contains or is accompanied by falsified, misrepresented, or forged header information . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | | |

(3) The e-mail advertisement has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

State law may be preempted by federal law under the Supremacy Clause, U.S. Const. art. VI, cl. 2 in three ways:

(1) express preemption, where Congress explicitly denies the extent to which its enactments preempt state law; (2) field preemption, where state law attempts to regulate conduct in a field that Congress intended the federal law exclusively to occupy; and (3) conflict preemption, where it is impossible to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the fully purpose and objections of Congress.

Industrial Truck Ass'n v. Henry, 125 F.3d 1305, 1209 (9th Cir. 1997) (citing English v. General Elec. Co., 496 U.S. 72, 78-80 (1990); Southern Pac. Transp. Co. v. Public Util. Comm'n, 9 F.3d 807 (9th Cir. 1993)).

Here, defendants contend that Congress explicitly preempted the state regulation at issue.

A court's determination of the scope of a preemption clause is shaped by two presumptions. Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996). First, courts begin with "the basic presumption that Congress did not intend to displace state law," Maryland v. Louisiana, 451 U.S. 725, 746 (1981), and that "the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress," Medtronic, 518 U.S. at 485 (citations omitted). The second consideration is that Congress's purpose is the "ultimate touchstone" of the preemption clause, and therefore, courts must seek "a fair understanding of congressional purpose," considering "the language of the pre-emption statute and the statutory framework surrounding it," while also considering "the structure and purpose of the statute as a whole." Id. at 485-86 (citations emphasis and internal quotations omitted); see also, Omega World Travel,, Inc., et al. v. Mummagraphics, Inc., et al., 469 F.3d 348, 352-53 (4th Cir. 2006).

Few courts in the Ninth Circuit have addressed whether the CAN-SPAM Act preempts Section 17529.5. In Kleffman v. Vonage Holdings Corp., et al., plaintiff asserted claims based on allegations that defendant sent e-mails containing different headers, each with some variation of the words "GreatCallRates" in the subject line and each sent from a different domain name. Kleffman v. Vonage Holdings Corp., et al., 2007 U.S. Dist. LEXIS 40487 at * 2 (C. D. Cal. May 22, 2007). The district court found, as an initial matter,

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
|---|---|---|---|

| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. |
|---|---|

that plaintiff did not properly assert a claim under Section 17529.5 because he did not "actually allege that the content of Vonage's email was false, misrepresented or forged," and did not point to anything that was misleading about a single e-mail. Kleffman, 2007 U.S. Dist. LEXIS 40487 at * 3. The district court further found that, even if Section 17529.5 provided a cause of action based on an "implicit misrepresentation" theory, the CAN-SPAM Act would preempt such a claim because the Act "left states room only to extend traditional fraud and deception prohibitions into cyberspace." Kleffman, 2007 U.S. Dist. LEXIS 40487 at * 4. The district court reasoned that in providing an exception to federal preemption "to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto," Congress intended "falsity" or "deception" to refer only to the traditional, tort-like concepts. Kleffman, 2007 U.S. Dist. LEXIS 40487 at * 7-8. Therefore, because plaintiff had not alleged a traditional tort theory, or that he was mislead at any point by the email headers and subject lines, the district court dismissed plaintiff's claim under Section 17529.5.

The district court in Gordan v. Impulse Marketing Group, Inc., approached the preemption analysis differently, comparing the state statutes at issue with the CAN-SPAM Act, as opposed to the Kleffman court's approach of analyzing whether a particular claim was preempted. Gordon v. Impulse Marketing Group, Inc. 375 F. Supp. 1040 (E.D. Wash. 2005). In Gordan, defendant contended that plaintiff's claims under Washington' Commercial Electronic Mail Statute, RCW § 19.190 et seq, and Washington's Consumer Protection Act, RCW § 19.86 et seq., were preempted under the CAN-SPAM Act. Gordon v. Impulse Marketing Group, Inc. 375 F. Supp. at 1045. The district court noted that both federal and state statutes regulated misrepresentations in e-mail headers and subject lines. Id. at 1045. However, the court found that the Washington statutes were not preempted by the CAN-SPAM Act, relying on the provision in the CAN-SPAM Act which provides an exception to the preemption rule for the extent to which "any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic e-mail message or information attached thereto." Id. (quoting 15 U.S.C. § 7707(b)(1)).. The court reasoned that, because Washington's Commercial Electronic Mail Act prohibited "misrepresentation" in the subject line, transmission path or in identifying the point of origin, it was excepted from federal preemption because it prohibited "falsity and deception." Id. at 1045-46. Additionally, because the relevant provision in the Washington Consumer Protection Act provided that it is a violation "to conspire with another person to initiate the transmission or to initiate the transmission of a commercial electronic mail message" containing "false or misleading information in the subject line," the court determined that the state statute was also excepted from federal preemption. Id. at 1046.

Both parties in the instant case assert arguments about the applicability of the Fourth Circuit Court of Appeals decision in Omega World Travel, Inc., et al. v. Mummagraphics, Inc., 469 F.3d 348 (4th Cir. 2006)). In Omega World Travel, the Court of Appeals determined that Oklahoma statutes pertaining to e-mail headers

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
|---|---|---|---|

| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. |
|---|---|

and subject lines were preempted to the extent that they applied to immaterial misrepresentations. Id. at 353. The Court determined that, although "falsity or deception" was not defined in the CAN-SPAM Act, "deception" requires more than bare error, and that "deception" conveyed an element of tortiousness or wrongfulness. Id. at 354. The Court reasoned that, under the canon of statutory construction *noscitur a sociis* ("a word is generally known by the company it keeps"), Congress intended "falsity" to be linked to "deception," "one of the several tort actions based upon misrepresentations." Id. at 354 (citing Jarecki v. G.D. Searle & Co., 367 U.S. 303, 307 (1961); Neal v. Clark, 95 U.S. 704, 708-709 (1977)). Additionally, the Court noted that other sections of the CAN-SPAM Act did not support a "bare-error reading" of "falsity." Id. In particular, the Court noted that in Section 7704(a)(1), the provision of the Act creating a civil cause of action, Congress "affixed the title 'Prohibition of false or misleading transmission information' to a section that prohibits only 'header information that is materially false or materially misleading." Id. (quoting with emphasis 15 U.S.C. § 7704(a)(1)).

The Court finds that the CAN-SPAM Act was not intended to preempt claims based on California Business & Professions Code § 17529.5, to the extent that the claims are based on allegations of fraudulent or deceptive conduct. The legislative history of the Act demonstrates that Congress did not intend to preempt State laws targeting fraudulent or deceptive headers, subject lines or content. As explained in Senate Report 108-102 (2003),

Section 8(a)(1) sets forth the general rule concerning the preemption of State law by the legislation. The legislation would preempt State and local statutes, regulations, and rules that expressly regulate the use of e-mail to send commercial messages except for statutes, regulations, or rules that target fraud or deception in such e-mail. Thus a State law requiring some or all commercial e-mail to carry specific types of labels, or to follow a certain format or contain specified content, would be preempted. By contrast, a state law prohibiting fraudulent or deceptive headers, subject lines, or content in a commercial e-mail would not be preempted. Given the inherently interstate nature of e-mail communications, the Committee believes that this bill's creation of one national standard is a proper exercise of the Congress's power to regulate interstate commerce that is essential to resolving significant harms from spam faced by American consumers, organizations, and businesses throughout the United States. This is particularly true because, in contrast to telephone numbers, e-mail addresses do not reveal the State where the holder is located. As a result, a sender of e-mail has no easy way to determine with which State law to comply. Statutes that prohibit fraud and deception in the e-mail do

///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
|---|---|---|---|

| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. |
|---|---|

not raise the same concern, because they target behavior that a legitimate business trying to comply with relevant laws would not be engaging in anyway.

Senate Report 108-102 (2003) (available at: http://thomas.loc.gov/, website for the Library of Congress).

California Business & Professions Code § 17529.5 appears to fall squarely within the intended preemption exception to the CAN-SPAM Act, as it regulates falsified, misrepresented, or forged header information and misleading subject lines.[5] Therefore, the Court cannot say as a matter of law that the CAN-SPAM Act preempts California Business & Professions Code § 17529.5. However, like the Kleffman Court, this Court finds that there is a limit to the claims that a plaintiff may bring under Section 17529.5, without running afoul of Congress's intent to provide a national standard for commercial e-mail, specifically with respect to non-fraudulent activity. To the extent that plaintiff's claims are not based on material misrepresentations that sound in tort, plaintiff's claims may infringe upon the areas that Congress has explicitly reserved for the federal government, such as proper labeling, formatting, or content. Therefore, the question before the Court is whether plaintiff has alleged a claim based on material misrepresentations suggesting that defendants engaged in tortious fraud and/or deception. In light of the fact that the Court has found that plaintiff has failed to plead his claims with the requisite specificity, the Court is unable to determine whether plaintiff's claims are based on material or immaterial misrepresentations. Therefore, the Court DENIES defendants' motion to dismiss based on preemption by the CAN-SPAM Act, without prejudice to it being renewed upon a more detailed complaint and/or record.

///
///

---

[5]  Section 17529.5 provides in pertinent part:

(a) It is unlawful for any person or entity to advertise in a commercial e-mail advertisement either sent from California or sent to a California electronic email address under any of the following circumstances:

. . .

(2) The e-mail advertisement contains or is accompanied by falsified, misrepresented, or forged header information . . .

(3) The e-mail advertisement has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |

| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. |

       3.    <u>Allegations that Moniker and Linhardt Violated Cal. Bus. and Prof. Code § 17529.4 and CAN-SPAM</u>

Defendants contend that plaintiff's claims against Moniker and Linhardt should be dismissed for failure to state a claim upon which relief may be granted. Mot. at 9-10. Defendants contend that plaintiff fails to allege that Linhardt and Moniker transmitted any of the e-mail messages at issue. Mot. at 9. Instead, defendants note that the Complaint generally avers that "defendants" sent the allegedly offending e-mails, "which is illogical as all of the [d]efendants cannot be 'initiating' the same e-mails, and the Complaint is devoid of any allegations that Lindhardt or Moniker 'procured' any of the e-mails." <u>Id.</u> Additionally, with respect to plaintiffs' claims against Linhardt and Moniker under Section 17529.4, defendants argue that the plain language of the statute requires defendants to "initiate" the e-mails, and that "initiate" is defined in the statute as "transmit or cause to be transmitted." <u>Id.</u> Defendants assert that plaintiff has failed to allege that Linhardt and Moniker "actually participate[d]" in sending the spam. <u>Id.</u> at 10. Defendants further argue that "the only evidence before the Court is that [d]efendants Linhardt and Moniker did not send, nor did they cause to be sent, the allegedly offending e-mails." <u>Id.</u>

In considering a motion to dismiss, the Court does not consider evidence offered in declarations and other material outside of the four corners of the Complaint. Because of the Court's finding that plaintiff has failed to plead his claims with Rule 9(b) particularity as to all defendants, the Court also concludes that plaintiff has failed to state claims against Linhardt and Moniker upon which relief may be granted. Thus the Court GRANTS with leave to amend defendants' motion to dismiss the claims asserted against Linhardt and Moniker.

**IV.    DEFENDANTS' MOTION TO STRIKE**

Defendants seek to strike plaintiff's request for punitive damages. Mot. at 14 (referring to Compl. at 9).

    **A.    Legal Standard for Rule 12(b)(7) Motion to Strike**

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Rule 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Rule 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Rule 12(f) a prayer for relief which is not available as a matter of law. <u>Tapley v. Lockwood Green Engineers</u>, 502 F.2d 559, 560

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | | |

(8th Cir. 1974). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Rule 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

**B.      Discussion**

1.      Availability of Punitive Damages Under Cal. Bus. and Prof. Code § 17500

Defendants contend that punitive damages are not recoverable under California Business and Professions Code § 17500, because "[t]he California legislature has not provided for the recovery of punitive damages under [Section] 17500 et seq." Mot. at 14-15. (citing Anuziato v. eMachines, Inc., 402 F. Supp. 2d 1133, 1137 (C.D. Cal. 2005). Additionally, defendants argue that, where the legislature has specifically provided for a civil penalty, plaintiff cannot recover punitive damages. Id. (citing Freeman v. Alta Bates Summit Med. Ctr. Campus, 2004 U.S. Dist. LEXIS 21402, at *9 (N.D. Cal. Oct. 12, 2004). Defendants refer the Court to California Business and Professions Code § 17529.5, which provides a civil penalty of $1,000 per e-mail in addition to actual damages. Id. Finally, with respect to California law, defendants contend that "a plaintiff who relies solely on a statutory violation is deemed to have waived entitlement to punitive damages." Id. at 15 (citing Freeman, 2004 U.S. Dist. LEXIS at * 9). Therefore, defendants argue that because plaintiff relies solely on the California Business and Professions Code § 17529.5 violation, plaintiff cannot maintain a claim for punitive damages. Id.

Plaintiff argues that by not explicitly prohibiting recovery for punitive damages, as provided for by California Civil Code § 3294, the legislature tacitly approved of recovery for punitive damages in drafting Section 17529.5. Opp'n at 21.

California Business & Professions Code § 17529.8 provides that

[i]n addition to any other remedies provided by this article or by any other provisions of law, a recipient of an unsolicited commercial e-mail advertisement transmitted in violation of this article, and electronic mail service provider, or the Attorney General mail bring an action against an entity that violates any provision of this article to recover either or both of the following:

    (A)      Actual damages.
    (B)      Liquidated damages of one thousand dollars ($1,000) for each unsolicited commercial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
| --- | --- | --- | --- |

| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. |
| --- | --- |

> e-mail advertisement transmitted in violation of Section 17529.2, up to one million dollars ($1,000,000) per incident . . . .

Punitive damages are not listed as a form of recovery for violations of Section 17529.5. Cal. Bus. & Prof. Code § 17529.8. Additionally, Section 17529.5 is a subpart of California Business and Professions Code § 17500 et seq., which does not allow for recovery of punitive damages. Annunziato v. eMachines, Inc., 402 F. Supp. 2d 1133, 1137 (C.D. Cal. 2005). Based on the foregoing, the Court GRANTS defendants' motion to strike plaintiff's request for punitive damages under Section 17529.5.

    2.    <u>Availability of Punitive Damages Under CAN-SPAM</u>

    Defendants argue that punitive damages are also not recoverable under the CAN-SPAM Act because the statute allows for treble damages pursuant to 15 U.S.C. § 7706(g)(3)(c). Mot. at 15 (citing <u>Doran v. Embassy Suites Hotel</u>, 2002 U.S. Dist. LEXIS 16116 at *4 (N.D. Cal. Aug. 20, 2002) for the proposition that where a statute allows for treble damages, and it the treble damages are meant to be punitive, plaintiff may not recover punitive damages). Defendants contend that Section 7706(g)(3)(6) "makes clear that it is designed to punish defendants for violating the statute 'willfully' and 'knowingly,'" and therefore punitive damages in this case would be "duplicative" and "not recoverable." Mot. at 15.

    Plaintiff responds that the provision for treble damages under 15 U.S.C. § 7706(g)(3)(c) is intended to deter specific behavior and to aid in enforcement, but it is not penal in nature. Opp'n at 219 (relying on <u>Kelly v. Yee</u>, 213 Cal. App. 3d 336, 341-42 (Cal. Ct. App. 1989), wherein the California Court of Appeal held that the treble damages provision under the San Francisco Rent Control Ordinance § 37.4(f) was not preempted by the punitive damages provided for in California Civil Code § 3294).

    In assessing the purpose of statutorily-provided damages, courts determine whether the treble damages were intended to be more compensatory or punitive in nature. <u>PacifiCafe Health Sys. v. Book</u>, 538 U.S. 401 (2003) (stating that "[o]ur cases have placed different statutory treble-damages provisions on different points along the spectrum between purely compensatory and strictly punitive damages") (citations omitted)). Here, the CAN-SPAM Act provides for "recovery of damages in an amount equal to the greater of … actual monetary loss incurred by the. . . as a result of such violation" or statutory damages according to the scheme outlined in § 7706(g)(3) of the law. 15 U.S.C. § 7706(g)(1)(B). The law's statutory damages provision allows recovery of $ 100.00 per email for violations of § 7704(a)(1) and $ 25.00 per email for violations of any other provision of § 7704. 15 U.S.C. § 7706(g)(3). Additionally, the Act provides that

///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
| --- | --- | --- | --- |
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | | |

[t]he court may increase a damage award to an amount equal to not more than three times the amount otherwise available under this paragraph if-- (i) the court determines that the defendant committed the violation willfully and knowingly; or (ii) the defendant's unlawful activity included one or more of the aggravated violations set forth in section 5(b) [15 USCS § 7704(b)].

15 U.S.C. § 7706.

The statutory damages provisions indicate that Congress was concerned with the "relative wrongfulness of the defendant's actions," suggesting that the damages were meant to be punitive. Phillips v. Netblue, Inc., 2006 U.S. Dist. LEXIS 92573 at *9 (D. Cal. 2006). By giving the plaintiff "the right to collect the 'greater of' actual damages or statutory damages indicates that Congress was more concerned with the spammer being appropriately punished than with the plaintiff being made whole." Id. (citing 15 U.S.C. § 7706(g)(1)). "Similarly, the Act's provisions governing a court's decision whether to reduce or increase the amount of statutory damages turn on a determination of the relative wrongfulness of the defendant's actions." Phillips, 2006 U.S. Dist LEXIS 92583 at * 10 (citing 15 U.S.C. §§ 7706(g)(3)(C), (D)). The Court finds that the treble damages provision in the CAN-SPAM Act was intended to be punitive in nature, and therefore, plaintiff cannot seek a separate claim for punitive damages under the Act. Based on the foregoing, the Court GRANTS defendants' motion to strike plaintiff's request for punitive damages.

## V.   PLAINTIFF'S MOTION TO STRIKE NOTICE OF INTERESTED PARTIES AND MOTION TO REMAND

Plaintiff seeks to strike defendants' Notice of Interested Parties, arguing that it violates Local Rule 7-1.1.[6] Specifically, plaintiff contends that defendants failed to list their parent corporation, Maverick, and The Spamhaus Project ("Spamhaus"), against whom e360 and Linhardt received an injunction in a defamation suit in the Northern District of Illinois for Spamhaus' actions in publicly describing e360 and Linhardt as spammers. Pl.'s Mot. to Strike and to Remand at 4-5 (referring to e360 Insight, LLC and David Linhardt v. The Spamhaus Project, Case No. CV-01305 (N.D. Ill)). Plaintiff argues that defendants have conducted a fraud on the Court, and therefore this action should be remanded.

---

[6] Local Rule 7-1.1. requires all non-governmental parties to file with their first appearance a Notice of Interested Parties, which lists "all persons, associations of persons, firms, partnerships and corporations (including parent corporations clearly identified as such) which may have a pecuniary interest in the outcome of the case . . . ."

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-2835 CAS (VBKx) | Date | June 25, 2007 |
|---|---|---|---|

| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. |
|---|---|

Defendants deny that there are other entities or individuals that would have a pecuniary interest in the litigation. Opp'n to Pl.'s Mot. to Strike and to Remand at 3. Additionally, defendants contend that any deficiency in the Notice may be cured by an amendment. Id. at 3, 6. Defendants further argue that the disclosure requirements of Local Rule 7.1-1 is not jurisdictional in nature, and that there is no case law or statute "that makes the adequacy of the notice of interested parties germane in determining whether a court has jurisdiction . . . ." Id. at 6.

Even if defendants' Notice of Interested Parties is insufficient, this Court has original jurisdiction over the action because one of plaintiff's claims rises under the CAN-SPAM Act, a federal law. 28 U.S.C. § 1332(a); see also 15 U.S.C. § 7706 (directing state enforcement to be brought in a district court of the United States). Plaintiff has not set forth a sufficient basis for remanding the action to state court. Based on the foregoing, the Court DENIES plaintiff's motion to strike the Notice of Interested Parties and plaintiff's motion to remand the action to state court.

## VI.     CONCLUSION

The Court continues the hearing on defendants Moniker and Linhardt's motion to dismiss for lack of personal jurisdiction until August 6, 2007, to enable the parties to conduct limited jurisdictional discovery. Plaintiff is to file a supplemental brief, not to exceed 10 pages, by July 27, 2007. Defendants' response brief, also not to exceed 10 pages, is to be filed by August 3, 2007.

The Court GRANTS with leave to amend defendants' motion to dismiss the Complaint for failure to plead with sufficient particularity. The Court GRANTS with leave to amend defendants' motion to dismiss the Complaint against Moniker and Linhardt. As requested by plaintiff's counsel at the hearing, plaintiff will have 30 days to amend his complaint to cure the defects. The Court also GRANTS defendants' motion to strike plaintiff's request for punitive damages. Finally, the Court DENIES plaintiff's motion to strike defendants' Notice of Interested Parties and plaintiff's motion to remand the action to state court.

IT IS SO ORDERED.

:

Initials of Preparer