ENTERED
CLERK, U S DISTRICT COURT
AUG - 6 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

X Priority
X Send
___ Clsd
X Enter
No JS-5/JS-6
___ JS-2/JS-3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 07-2835 CAS (VBKx)                           Date   August 6, 2007

Title   WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive.

Present: The Honorable    CHRISTINA A. SNYDER

| CATHERINE JEANG | LAURA ELIAS | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:               Attorney Present for Defendants:
Fari Nejadpour                                 Joseph Kish

**Proceedings:**   **DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**
(filed May 7, 2007)

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

## I.   INTRODUCTION AND BACKGROUND

Plaintiff William Silverstein is an individual who provides internet web hosting and e-mail services as a sole proprietorship. Compl. ¶ 1. Plaintiff alleges that defendants E360Insight, LLC ("E360"), Bargain Depot Enterprises, LLC, aka bargaindepot.net ("Bargain Depot"), David Linhardt ("Linhardt"), and Moniker Online Services, LLC ("Moniker"), are engaged in the business of sending illegal, unsolicited commercial e-mail, otherwise known as "spam." On March 16, 2006, plaintiff filed a complaint in the Los Angeles County Superior Court, asserting claims against all defendants for: (1) violation of California Business and Professions Code § 17529.5 et seq.; and (2) violation of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("the CAN-SPAM Act"), pursuant to 15 U.S.C. § 7702. Plaintiff seeks injunctive relief, statutory damages of $1,000 for each of the complained of e-mails in accordance with California Business and Professions Code § 17529.5, statutory damages of $123 per e-mail under the CAN-SPAM Act, aggravated damages of $375 per e-mail in accordance with 15 U.S.C. § 7706(g)(3)(C), general damages to be determined at trial, punitive damages in an amount no less than $11,700,000, and attorneys' costs and fees. On April 30,

///
///



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-2835 CAS (VBKx) | Date | August 6, 2007 |
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | |

2007, defendants removed the action to this Court based on federal question jurisdiction under the CAN-SPAM Act and diversity jurisdiction.[1]

On May 7, 2007, defendants Linhardt, Moniker, E360 and Bargain Depot filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Defendants also requested that portions of the complaint be stricken pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff filed an opposition to defendants' motion on June 12, 2007. Defendants filed a reply thereto on June 18, 2007.

A hearing was held on June 25, 2007. The Court continued the hearing on defendants' motion to dismiss for lack of personal jurisdiction until August 6, 2007, to enable the parties to conduct limited jurisdictional discovery.

On July 24, 2007, plaintiff filed a first amended complaint, adding claims for trespass to chattels, violation of California Penal Code § 502, negligence and libel.

On July 27, 2007, plaintiff filed a supplemental opposition to defendants' motion to dismiss. Defendants filed a reply thereto on August 23, 2007. A hearing was held on August 6, 2007. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II. DEFENDANTS MONIKER AND LINHARDT'S MOTION TO DISMISS PURSUANT TO 12(b)(2)

### A. Legal Standard for Motion to Dismiss Pursuant to Rule 12(b)(2)

#### 1. General Jurisdiction

Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or limited. California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process are the same. Roth, 942 F.2d at 620. In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum

---

[1] The parties do not appear to object to this Court's jurisdiction based on diversity of citizenship. Even if the parties are not diverse, the Court would have subject matter jurisdiction because of plaintiff's claim under the CAN-SPAM Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-2835 CAS (VBKx) | Date | August 6, 2007 |
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | | |

state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). "The Supreme Court has bifurcated this due process determination into two inquiries, requiring, first, that the defendant have the requisite contacts with the forum state to render it subject to the forum's jurisdiction, and second, that the assertion of jurisdiction be reasonable." Unocal, 248 F.3d at 925 (quoting Amoco Egypt Oil v. Leonis Navigation Co., Inc., 1 F.3d 848, 851 (9th Cir. 1993)(citations omitted)). A court may have general jurisdiction over a nonresident defendant when that defendant's activities within the forum state are "substantial" or "continuous and systematic," even if the cause of action is "unrelated to the defendant's forum activities." Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 446-47 (1952); Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977).

    2.    <u>Specific Jurisdiction</u>

A court may assert limited jurisdiction over a cause of action that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for limited personal jurisdiction has three parts:

(1) the defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
(2) the claim must arise out of or result from the defendant's forum-related activities;
(3) exercise of jurisdiction must be reasonable.

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985).

The third prong, reasonableness, requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) the extent of conflict with the sovereignty of defendant's state. (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1996).

Where, as here, the court decides a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D. Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). Plaintiffs' version of the facts is taken as true for purposes of the motion if not directly controverted, and conflicts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-2835 CAS (VBKx) | Date | August 6, 2007 |
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | |

between the parties' affidavits must be resolved in plaintiffs' favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).

### B.    Whether Moniker is Subject to Jurisdiction in California

#### 1.    General Jurisdiction

In his complaint, plaintiff alleges that Moniker is a limited liability corporation, duly organized in Florida, with its principal place of business in Florida. Compl. ¶ 2. Plaintiff further alleges that Moniker "operates highly interactive web sites that are specifically programmed to conduct business with California residents." Compl. ¶ 14.

Plaintiff argues that Moniker conducts regular and substantial business in California through its sale of domain names to California consumers. Pl.'s Suppl. Opp'n at 4. Plaintiff contends that Moniker has disclosed that 478,993 out of 2.3 million domain names registered through it are based in California. Pl.'s Suppl. Opp'n at 4 (citing Declaration of Monte Cahn, July 27, 2007 ("Cahn Decl.") ¶ 5. Plaintiff further contends that Moniker has stated that 5,195 of its 44,728 customers are in California. Id. (citing Declaration of Monte Cahn, July 27, 2007 ("Cahn Decl.") ¶ 5. Additionally, plaintiff relies on the declaration by plaintiff Silverstein, wherein he states that he has examined Moniker's web site and found that there is programming code that specifically includes California selection in the programming for some of its web pages. Declaration of William Silverstein, July 27, 2007 ("Silverstein Decl."), ¶¶ 9, 10. Based on his review of the website, and that he has more than twelve years of experience in web site programming, Silverstein states that he has found the website to be highly interactive. Id. ¶¶ 8-10.[2]

---

[2] Plaintiff relies on Gator.com v. L.L. Bean, Inc., 341 F.3d 1072, 1079 (9th Cir. 2003), wherein the Ninth Circuit Court of Appeals found that (1) the retailer had sufficient contacts with California to permit a finding of general jurisdiction, given its interactive web site and extensive marketing and sales in state, and that (2) exercise of jurisdiction was not unreasonable, given retailer's purposeful interjection in California and the absence of any undue burden in defending the action there. Id. at 1081. The Court concluded that, even if the only contacts they had with California were through its virtual store, a finding of general jurisdiction would be consistent with the "sliding scale" test that is applied to internet based companies. Id. at 1079. Plaintiff contends that the Court's holding in Gator.com is particularly relevant because in Gator.com, the retail store had only attributed six percent of its sales to California, whereas Moniker attributes twenty percent of its sales to California. Id. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | August 6, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | | |

Moniker responds that each of the California customers to which plaintiff refers has contracted with Moniker to be subject to the laws and venue of Florida. Defs.' Response to Suppl. Opp'n at 2 ("Defs.' Response"). Therefore, Moniker argues that although a certain percentage of the domain names registered through Moniker happen to be with California customers, Moniker has made specific efforts to avoid a finding that it is subject to jurisdiction in this forum. Id. However, there is no evidence to suggest that plaintiff agreed to adjudicate controversies in Florida. Additionally, it is not clear to the Court why Moniker's forum-selection clause contracts with third parties would prevent it from being subject o jurisdiction in this forum under other circumstances. AstroPower Liquidating Trust v. Xantrex Tech., Inc., (In re AstroPower Liquidating Trust), 335 B.R. 309, 319-20 (Bankr. Del. 2005) (stating that while "[i]t is true that a valid forum selection clause is sufficient to *establish* personal jurisdiction over a defendants who otherwise lacks contacts with the forum . . . [it] does not explain why a forum selection clause would *negate* personal jurisdiction where the defendant's actions are otherwise sufficient to establish minimum contacts with the forum. Indeed, it appears from the cases that such a 'defensive' use
///

---

Plaintiff's reliance on Gator.com is misplaced. The Ninth Circuit Court of Appeals agreed to rehear the case en banc, and vacated the decision relied upon by plaintiff. Gator.com Corp. v. L.L. Bean, Inc., 366 F.3d 789 (9th Cir. 2004). The parties subsequently informed the Ninth Circuit Court of Appeals that they had reached a settlement agreement, which led the en banc majority to find the appeal to be moot and state that "we must await another opportunity to resolve the important issues of personal jurisdiction originally raised by this appeal" because the panel decision "no longer has the force of law." Gator.com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1143 (9th Cir. 2005). Based on the foregoing, this Court concludes that Gator.com Corp. v. L.L. Bean, Inc., 341 F.3d 1073 (9th Cir. 2003) is not precedent and may not be relied upon by plaintiff as authority binding this Court. See also Honor Plastic Indus. Co. v. Lollicup USA, Inc., 2006 U.S. Dist. LEXIS 73730 (E.D. Cal. September 28, 2006).

Plaintiff also argues that Moniker has consented to personal jurisdiction in California because in its contract with the Internet Corporation for Assigned Names and Numbers ("ICANN"), Moniker agreed that it would accept liability for illegal use of the domain name if Moniker failed to identify the current lessor. The sole evidence of the alleged contract between ICANN and Moniker is an unsigned Registration Accreditation Agreement. See Silverstein Decl. Ex. C. However, there is no evidence submitted by plaintiff that Moniker signed, or is otherwise bound by, the Accreditation Agreement proffered by plaintiff. Thus, the Court declines to consider this as evidence of Moniker's purposeful availment of this forum.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | August 6, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | | |

of a forum selection clause is a challenge to venue, not *in personam* jurisdiction." (citing Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996)).

In Bancroft & Masters, Inc. v. Augusta National, Inc., 223 F.3d 1082 (9th Cir. 2000), the Ninth Circuit Court of Appeals noted that "the standard for establishing general jurisdiction is 'fairly high,' Brand v. Menlove Dodge, 796 F.3d 1060, 1073 (9th Cir. 1986), and requires that the defendant's contact be of the sort that approximate physical presence." Bancroft & Masters, Inc. 223 F.3d at 1086 (citing also Gates Lear Jet Corp. v. Jensen, 743 F.2d 1325, 1331 (9th Cir. 1984). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated in the state." Id. (citing Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1478 (9th Cir. 1986).

Here, plaintiff has alleged that Moniker engages in substantial business in California by selling domain names to over 5,000 customers in California. Business transactions which are conducted via the Internet may subject the defendant to specific jurisdiction and are subject to the same analysis as traditional business transactions. Federal Civil Procedure Before Trial 3:235 (citing Zippo Mfg. Co. v. Zippo Dot. Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Penn. 1997) ("Traditionally, when an entity intentionally reaches beyond its boundaries to conduct business with foreign residents, the exercise of specific jurisdiction is proper . . . Different results should not be reached simply because business is conducted over the Internet."). However, plaintiff has not shown that Moniker holds a license or is incorporated in California. It is unclear to the Court, based on the evidence before it, that Moniker is subject to the general jurisdiction of California. The Court declines to decide the issue, as the Court finds that it may properly assert specific jurisdiction over Moniker, based on the analysis detailed below.

2.   Specific Jurisdiction

Plaintiff asserts that because of its sale of domain names to over 5,000 California customers, Moniker has purposefully availed itself of this forum. Pl.'s Suppl. Opp'n at 4. Plaintiff also argues that Moniker has created continuing relationships with California, contending that, when Moniker registers a domain name, it is comparable to a lease agreement, thus creating a continuing relationship between the registrant and registrar. Pl.'s Suppl. Opp'n at 6.

Plaintiff further asserts that the claim against defendants arises out of defendants' activities within California. Pl.'s Suppl. Opp'n at 6. Plaintiff's allegations against Moniker are that "[m]any, if not all of [the] domain names advertised in the complained of e-mails are or were registered to Moniker." FAC ¶ 58. Additionally, plaintiff alleges that for a fee, Moniker "will tell the public that [it] is the owner of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | August 6, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | | |

domain name," a service that Moniker refers to as "Moniker Privacy Services." FAC ¶ 70. Plaintiff alleges that this provision of service to persons who send unsolicited e-mails is a violation of 18 U.S.C. § 1037(4), and that "the use of this service makes it more difficult, if not impossible to identify the true sender of the spam," and the "extent of the spamming operation by the user until after discovery has occurred in litigation." FAC ¶ 70-73. Plaintiff alleges that Moniker admits that it has control over domains which send spam, because Moniker can either suspend or cancel these domains. FAC ¶ 73. Further, plaintiff claims that Moniker is aware that domain names registered to them are being used for sending spam, therefore acknowledging the harm against plaintiff. Pl.'s Opp'n at 7; see Silverstein Decl. ¶¶ 12-14.

Moniker responds that it does not own the domain name used to send the allegedly offending e-mails to plaintiff, and thus the claim does not arise out of defendant's forum related activities. Defs.' Response at 2 and Ex. 2 (Decl. of Monte Cahn) ¶¶ 2-3. Conversely, Moniker contends that bargaindepot.net owns the domain name from which the allegedly infringing e-mails were sent, and that Moniker does not own or control bargaindepot.net. Defs.' Response at 2-3, Ex. C. (Decl. of David Linhardt (June 8, 2007), ¶ 6 (stating that "BargainDepot Enterprises owns the domain name bargaindepot.net)). As such, Moniker argues that plaintiff has failed to demonstrate any causal relationship between its contacts with California and the harms complained of in the First Amended Complaint.

The Court finds that Moniker has purposefully availed itself of this forum because out of a customer base of approximately 44,000, Moniker has disclosed that at least 5,000 of them are California customers. Additionally, Moniker's activities within this forum give rise to plaintiff's claims in this action. Plaintiff alleges that he has received the allegedly illegal e-mails from domain names which are, or at one time were, owned by Moniker and sold to California businesses. Moniker's argument that it does not own the domain name bargaindepot.com does not address plaintiff's claim that Moniker has violated the law by providing a privacy service which makes it nearly impossible for recipients and internet service providers to identify the true sender of the spam.

With respect to the factors the Court must balance to determine reasonableness, plaintiff asserts the following arguments.

///
///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-2835 CAS (VBKx) | Date | August 6, 2007 |
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | |

      a.      The Extent of the Moniker's Purposeful Availment

Plaintiff asserts that Moniker has availed itself of this forum by selling domain names to over 5,000 California businesses. Pl.'s Suppl. Opp'n at 3. Plaintiff argues that by creating continuing relationships with California residents, Moniker has purposely availed itself of California law. Id. at 5.

Moniker responds that it has not done anything to purposefully avail itself of this forum, and that on the contrary, "Moniker has taken overt steps to not subject itself to this state's forum by including a venue provision [in the contracts] with all of its customers, establishing Florida as the forum for any disputes arising from that relationship." Defs.' Response at 7.

As stated above, Moniker's use of a forum-selection clause in contracts with its customers does not entitle Moniker to avoid personal jurisdiction in California. The Court finds that, in selling domain names to over 5,000 California customers, Moniker has purposefully availed itself of this forum. As such, the Court finds that this factor weighs in favor of plaintiff.

      b.      The Burden on Moniker in Defending in California

Plaintiff contends that most of the discovery will be conducted in writing, so the litigation burden on Moniker would be minimal. Pl.'s Suppl. Opp'n at 5 (citing Affidavit of Bartly J. Loethen ¶ 9, Silverstein Decl Ex. B).[3] Plaintiff further argues that since Moniker has sent representatives to trade shows within California, it would not cause undue burden for it to defend a case in California. Id. at 3. Declaration of James Joseph Wagner, June 12, 2007 ("Wagner Decl.") ¶ 4.

Moniker responds that the burden of litigating this case in California is "onerous" because it may have to retain local counsel "in addition to the expenses of having out of state counsel travel to this forum." Defs.' Response at 7.

Based on the foregoing, the Court finds that this factor does not weigh heavily in favor of either party.

///
///
///

---

[3] Plaintiff cites to the Silverstein declaration, which states that counsel for defendants, Joseph Kish, respresents Linhardt and E360 in another case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-2835 CAS (VBKx) | Date | August 6, 2007 |
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | |

    c.  The Extent of the Conflict With the Sovereignty of Defendant's State

  Plaintiff contends that the CAN-SPAM Act has eliminated the conflict of laws between California and Florida. Pl.'s Suppl. Opp'n at 3. Plaintiff believes that by obeying federal law, defendants would be in compliance with all state laws. Id.

  Moniker argues that holding it liable under California Business and Professions Code § 17529 et seq. would expose it to greater liability than it would face under the respective act in Florida. Def.'s Response at 7. Moniker notes that under California Business and Professions Code § 17529.5(b)(1)(B)(ii), it could be held liable for liquidated damages in the amount of $1,000 for each unsolicited commercial e-mail advertisement transmitted in violation of the section, whereas under the Florida Electronic Mail Communications Act, it would only be liable for liquidated damages in the amount of $500 per each unsolicited commercial electronic mail address. Id. at 7, 8 (citing Fla. Stat. § 668.606(3)(b)).

  Moniker's argument regarding the differences in potential liability under the California Business and Professions Code § 17529.5(b)(1)(B)(ii) and the Florida Electronic Mail Communications Act does not address how the application of California law to persons who have purposefully availed themselves to jurisdiction in California offends the sovereignty of defendant's state Florida. This factor is typically relevant where defendant is a foreign national, such that "[t]he procedural and substantive interests of other nations in a state court's assertion of jurisdiction over an alien defendant would differ from case to case." Asahi Metal Indus. Co. v. Superior Court of Cal, 480 U.S.102 (1987); see also Insurance Co. of North America v. Marina Salina Cruz, 649 F.2d 1266, 1272 (9th Cir. 1981) ("We do not minimize the sovereignty of the states within our federal system when we conclude that foreign states present a higher sovereignty barrier than that between the states within our union.

This is only a recognition of what is obvious."). Based on the foregoing, the Court finds that this factor does not weigh heavily in favor of either party.

    d.  The Forum's Interest in Adjudicating the Dispute

  Plaintiff asserts that California has an interest in adjudicating this claim because it has expressed a particular interest in protecting its citizens from illegal e-mails by passing three separate laws against spam. Pl.'s Suppl. Opp'n at 2 (citing California Business & Professions Code §§ 17538.4, 17538.45, and 17529.5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 07-2835 CAS (VBKx)          Date  August 6, 2007 |
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. |

Moniker responds that California "has no greater interest in adjudicating the dispute" than does Florida, and that the Florida courts have an additional interest in adjudicating allegations against its citizenry. Defs.' Response at 8.

The Court finds that California has an interest in protecting its citizens, and that this factor weighs in favor of plaintiff.

  e. Judicial Efficiency

Plaintiff further argues that judicial efficiency would be better served by litigating one action against all defendants, rather than as three separate cases. Pl.'s Suppl. Opp'n at 4. Plaintiff argues that the case against E360 and Bargain Depot will be decided by this Court, and in order to avoid the potential for inconsistent results, this case should be litigated in a single forum. Id.

Moniker responds that "[i]t is in the interest of this Court to have the allegations against Moniker . . . heard where they belong, rather than burden this Court's docket." Defs.' Response at 9.

In view of the Court's finding that is has jurisdiction over Moniker, the Court finds that this factor weighs in favor of plaintiff.

  f. The Plaintiff's Interest in Convenient and Effective Relief

Plaintiff argues that if this Court finds that the e-mails are illegal, then this Court only has to determine the extent of Moniker's involvement. Pl.'s Suppl. Opp'n at 4. Plaintiff further contends that it would be more efficient if this Court were to decide the case against all defendants rather than only a few. Id. Plaintiff further argues that he has no contact or relationship with either Illinois or Florida, so California is the most convenient forum for him. Id. at 3.

Moniker responds that plaintiff's interest in convenient and efficient relief "can be obtained in the proper forum without litigating this dispute in California." Defs.' Response at 9. Additionally, Moniker asserts that plaintiff will nonetheless be required to travel to Florida to conduct oral discovery, and that therefore the only additional burden on plaintiff will be attending the trial in Florida. Id.

The Court finds that this factor weighs in favor of plaintiff who appears to have no contacts with Florida.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | August 6, 2007 |
|---|---|---|---|

| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. |
|---|---|

g. The Existence of An Alternative Forum

Plaintiff contends that Moniker does not offer, nor is there, an alternative common forum. Pl.'s Suppl. Opp'n at 2. Plaintiff asserts that because Moniker is a Florida citizen and Linhardt is an Illinois citizen, granting Moniker's motion would force plaintiff to litigate this case in three separate courts. Id. Plaintiff contends that litigating this case in Florida would require that court to interpret California law. Id. at 3. Moniker responds that a proper alternative forum is Florida. Defs.' Response at 9. The Court finds that this factor does not weigh heavily in favor of either party.

Although Moniker has asserted that it may be burdened by having to defend itself in California, on balance, the Court finds that the extent of Moniker's purposeful availment to jurisdiction in this forum, judicial efficiency concerns, California's interest in protecting its citizens, and plaintiff's interest in obtaining convenient and effective relief, support a finding that jurisdiction lies in this forum and is reasonable.

**C. Whether Linhardt is Subject to Jurisdiction in California**

1. General Jurisdiction

Linhardt states that he is a resident of Illinois. Declaration of David Linhardt ("Linhardt Decl.") at 1. Additionally, Linhardt states that: his only place of business is in Cook County, Illinois; he does not own, use or possess any real property in California; he does not pay taxes in California; he does not maintain an account with a California bank; he is not registered to do business in California; he is not licensed or regulated by an government agency in California; he does not and never has had employees in California; he has no mailing address, post office box or telephone directory listing in California; he has never made a general appearance in an action in any state or federal court in California; he does not advertise in California; and he has never personally conducted business in California or, to the best of his knowledge, with a California resident. Linhardt Decl. ¶¶ 2-9.

Plaintiff responds that Linhardt personally maintains a mailing address in Laguna Hills, California. Pl.'s Suppl. Opp'n at 7. Additionally, plaintiff asserts that Linhardt has appointed an authorized a commercial mail receiving agent in Laguna Hills, California, through the United States Postal Service ("USPS"), and that pursuant to California Business & Professions Code § 17538.5(b)(2)(B), this commercial mail receiving agency also acts as that person's agent for service of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | August 6, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | | |

process.[4] Pl.'s Suppl. Opp'n at 7 (relying on Boyd Decl., Ex. 1 (Copy of USPS form, October 15, 2006)).[5] Linhardt replies that the mail receiving agent is not used by him personally, but is used by Bay City Hosting, an entity for which he works and which is not involved in the present action. Defs.' Response at 4; Linhardt Decl. ¶ 3.

The only evidence offered by plaintiff that Linhardt personally maintains a mailing address and a commercial mail receiving agent is a copy of the USPS Application for Delivery of Mail Through Agent ("the USPS application"). Boyd Decl. Ex. 1. It appears that Linhardt completed the USPS application for Bay City Hosting. Id. The application designates Regus/HQ, located in Laguna Hills, California, as the receiving agent for Bay City Hosting. Id. Linhardt completed the authorization and extended it to include restricted delivery of mail for him, however, he identifies himself as a member and officer of Bay City Hosting. Id. Finally, Linhardt states on the USPS application that his home address is in Highland Park, Illinois. Id. Based on the foregoing, it is not clear that Linhardt personally maintains a mailing address or has personally authorized an agent to receive mail for him in California, thereby appointing an agent for service of process in California.

Plaintiff further argues that Linhardt has admitted in an affidavit that he personally lost significant business and contract opportunities with multiple California domiciled corporations. Silverstein Decl. Ex. A; see E360 Insight, LLC and David Linhardt v. The Spamhaus Project, Case No. 06-CV-03958 (N.D. of Ill.). Pl.'s Suppl. Opp'n at 8. Linhardt responds that the affidavit referred to the losses sustained by E360, and not to himself. Defs.' Response at 4, Ex. C (Linhardt Decl.) ¶¶ 7-9. Additionally, Linhardt

---

[4] California Business & Professions Code § 17538.5(b)(2)(B) provides that person conducting business from that person's residence is not required to disclose the residence address if: (1) the person's current street or home address is contained within Form 1583, filed with the USPS; and (2) that person "has signed an acknowledgment form . . . which, among other things, authorizes the commercial mail receiving agency to act as that person's agent for service of process."

[5] Plaintiff asserts in its opposition filed on June 12, 2007, that because Linhardt has been served at his Laguna Hills office, he is subject to jurisdiction in California. Opp'n at 6 (citing Burnham v. Superior Court of California, 495 U.S. 604, 624 (U.S. Cal. 1990)) (holding that exercise of personal jurisdiction based on service on the defendant while in the state comports with traditional notions of fair play and substantial justice).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | August 6, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | | |

states that the "lost contract" referenced by plaintiff did not involve him personally, but was a contract between E360 and Vendaire Media. Defs.' Response at 4, Ex. C (Linhardt Decl.) ¶¶ 7-9.[6]

Finally, plaintiff further argues that Linhardt utilizes two Google accounts, and that because Google is California based, he has a jurisdictional connection to California. Pl.'s Suppl. Opp'n at 8.

The Court finds that plaintiff has failed to establish that Linhardt has substantial, continuous or systematic contacts with California such that he can be subject to the general jurisdiction of this forum. Linhardt's statements in his affidavit filed in E360 Insight, LLC and David Linhardt v. The Spamhaus Project, Case No. 06-CV-03958 (N.D. of Ill.), do not establish that Linhardt has personally conducted substantial, continuous or systematic business in California. Additionally, the allegations pertaining to Linhardt's use of e-mail addresses, hosted by Google, a California corporation, is not persuasive evidence of purposeful availment. If use of an e-mail address hosted by a California corporation was persuasive evidence, any person who has used an e-mail address hosted by Google could be subject to jurisdiction in California. This proposition is too broad to comport with the traditional notions of fair play and substantial justice. Based on the foregoing, the Court declines to find that Linhardt is subject to general jurisdiction in California.

2. Specific Jurisdiction

Linhardt states that he was not personally involved in the acts complained of in the complaint, and therefore argues that he has not purposefully availed himself of this forum. Linhardt Decl. ¶ 9. Linhardt contends that he is not subject to this Court's jurisdiction because of his acts as President of E360 and Bargain Depot, because for jurisdictional purposes, "the acts of officers and directors of an entity are considered the acts of the entity exclusively and are not material for purposes of establishing minimum contacts as to the officers and directors." Mot. at 8 (citing Shearer v. Superior Court, 70 Cal. App. 3d 424, 430 (Cal. Ct. App. 1977)). Because corporations must act through agents, Linhardt argues that "[a]cts performed by the corporate agents, in their official capacity, cannot reasonably [be] attributed to the agent creating personal jurisdiction." Id. at 8-9 (citing Colt Studio, Inc. v. Badpuppy Enterprises, 75 F. Supp. 2d 1104, 1119 (C.D. Cal. 1999)).

---

[6] In his affidavit, Linhardt states, "[E]360 and I have suffered disastrous consequences as a result of being placed on the Spamhaus lists . . . [E]360 and I also have had active and pending contracts cancelled as a result of Spamhaus' conduct . . .[E]360 and I also have lost numerous opportunities to obtain future work as a result of Spamhaus' conduct . . . ." Silverstein Decl. Ex. A ¶¶ 31-33.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | August 6, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | | |

Plaintiff responds that California courts have specific jurisdiction over Linhardt because he knowingly directed harm toward this jurisdiction. Pl.'s Suppl. Opp'n at 8. Plaintiff alleges that all of the corporate entities, except Moniker, are personally controlled by Linhardt. Pl.'s First Amended Complaint ("FAC") ¶ 11. Plaintiff alleges that E360, Bargain Depot, and their sister companies are alter-egos for Linhardt and for each other. FAC ¶ 12. Plaintiff contends that although Linhardt attempts to create a corporate shield for liability for his personal actions, in Davis v. Metro Productions, Inc., 885 F.2d 515 (9th Cir. 1989),[7] the Court rejected the idea of the corporate shield. Pl.'s Suppl. Opp'n at 9.[8]

Linhardt responds that "there are no allegations that . . . demonstrate that Linhardt acted in any capacity other than in an official one." Reply at 7. Therefore, Linhardt argues that "personal jurisdiction cannot attach to [him] merely because of his actions as an authorized agent of E360 and Bargain Depot," and therefore he must be dismissed from the suit. Id.

"Under the fiduciary shield doctrine, a person's mere association with a corporation that causes injury in the forum state is not sufficient to permit that forum to assert jurisdiction over the person . . . . Rather, there must be a reason for the court to disregard the corporate form." Davis v. Metro Productions, Inc., 885 F.2d 515, 520 (9th Cir. 1989) (internal citations omitted). With respect to plaintiff's argument that Linhardt is the alter ego of the defendant corporations and therefore can be subject to jurisdiction in California, plaintiff has failed to offer any evidence that Linhardt is acting as the alter ego.

Additionally, the only portion of the complaint in which plaintiff alleges claims specifically against Linhardt are with regard to his libel claim. FAC at ¶ 135. Plaintiff alleges that on June 28, 2007,

---

[7] The plaintiff in Davis sued defendant Metro Productions and its two sole shareholders, alleging fraud and unfair securities transactions based on a tax shelter he purchased from defendants, that was later found to be defective by the IRS. Davis, 885 F.2d at 516. The Court held that under Arizona law, the corporate form may be ignored for jurisdictional purposes in cases in which a corporation is an agent or an alter ego of an individual defendant or where there is identity of interests between corporation and individuals. Id. at 524.

[8] At oral argument, plaintiff's counsel requested 30 additional days to conduct jurisdictional discovery as to Linhardt. The Court already granted plaintiff additional time to conduct jurisdictional dicovery in its order issued on June 25, 2007. Having asserted no good cause for his delay in conducting and pursuing discovery as to Linhardt, the Court denies plaintiff counsel's requested for a continuance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-2835 CAS (VBKx) | Date | August 6, 2007 |
| Title | WILLIAM SILVERSTEIN v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, and individual, MONIKER ONLINE SERVICES, LLC, and DOES 1-50; inclusive. | |

Linhardt published a statement onto Usenet, using Google News, that plaintiff is a "criminal vigilante," and implying that plaintiff illegally used E360's servers to send pornographic e-mails to E360's clients. Id. ¶¶ 135, 138. However, as stated above, Linhardt's use of an e-mail address through a web host incorporated in California is insufficient evidence that Linhardt purposefully availed himself of this forum. Based on the foregoing, the Court GRANTS Linhardt's motion to dismiss for lack of personal jurisdiction.

## VI. CONCLUSION

In accordance with the foregoing, the Court DENIES Moniker's motion to dismiss for lack of personal jurisdiction. However, the Court GRANTS Linhardt's motion to dismiss for lack of personal jurisdiction.

IT IS SO ORDERED.

00 : 12

Initials of Preparer