Case 2:07-cv-02835-CAS-VBK   Document 32   Filed 10/01/07   Page 1 of 12   Page ID #:50

X Priority
X Send
___ Clsd
___ Enter
___ JS-5/JS-6
___ JS-2/JS-3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2835 CAS (VBKx) | Date | October 1, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E30INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

Present: The Honorable CHRISTINA A. SNYDER, JUDGE

| CATHERINE JEANG | Laura Elias | | |
|---|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

Attorneys Present for Plaintiffs:

F. Bari Nejadpour

Attorneys Present for Defendants:

Joseph Kish

**Proceedings:** Defendant's Motion to Dismiss the First Amended Complaint and Motion to Strike Plaintiff's Claim for Punitive Damages
(filed August 24, 2007)

Plaintiff's Motion for Reconsideration of Order Dismissing David Linhardt for Lack of Jurisdiction
(filed August 24, 2007)

## I. INTRODUCTION & BACKGROUND

Plaintiff William Silverstein provides internet web hosting and e-mail services as a sole proprietorship. FAC ¶ 1. Plaintiff alleges that defendants E360Insight, LLC ("E360"), Bargain Depot Enterprises, LLC, aka bargaindepot.net ("Bargain Depot"), David Linhardt ("Linhardt"), and Moniker Online Services, LLC ("Moniker"), are engaged in the business of sending illegal, unsolicited commercial e-mail, otherwise known as "spam." On March 16, 2006, plaintiff filed a complaint in the Los Angeles County Superior Court, asserting claims against all defendants for: (1) violation of California Business and Professions Code § 17529.5 et seq.; and (2) violation of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("the CAN-SPAM Act"), pursuant to 15 U.S.C. § 7702. Plaintiff seeks injunctive relief, statutory damages of $1,000 for each of the complained of e-mails in accordance with California Business and Professions Code § 17529.5, statutory damages of $123 per e-mail under the CAN-SPAM Act, aggravated damages of $375 per e-mail in accordance with 15 U.S.C. § 7706(g)(3)(C), general damages to be determined at trial, punitive damages in an amount no less than $11,700,000, and attorneys' costs and fees. On April 30, 2007, defendants removed the action to this Court based on federal question jurisdiction under the CAN-SPAM Act and diversity jurisdiction.

On June 25, 2007, this Court dismissed the complaint pursuant to Fed. R. Civ. P 9(b) for failure to plead his claims with sufficient particularity, but granted plaintiff leave to amend. The Court also granted with leave to amend, defendants' motion to dismiss the complaint against Moniker and Linhardt. On August 6, 2007, after allowing jurisdictional discovery, the Court denied Moniker's renewed motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | October 1, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E30INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

to dismiss him for lack of personal jurisdiction, but granted Linhardt's renewed motion to dismiss him for lack of personal jurisdiction.

On July 24, 2007, plaintiff filed his First Amended Complaint ("FAC") adding claims for (1) trespass to chattels; (2) violation of California Penal Code § 502; (3) negligence per se; and (4) libel per se.

On August 24, 2007, defendants filed the instant motion to dismiss the FAC. Plaintiff filed an opposition to defendants' motion on September 7, 2007. On September 24, 2007, defendants filed their reply.

Also on August 24, 2007, plaintiff filed his motion for reconsideration of this Court's August 6, 2007 order. Defendant Linhardt filed an opposition to plaintiff's motion on September 17, 2007. Plaintiff filed a reply thereto on September 24, 2007.

A hearing was held on October 1, 2007. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARDS

### A.   MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enterprises, 476 Fed.2d 393, 397 (9th Cir. 1973). Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d at 1106 (internal quotation marks and citations omitted).

### B.   MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

A Fed. R. Civ. P. 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. A court must not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998); Cahill, 80 F.3d at 338. The complaint must be read in the light most favorable to the plaintiff. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | | Date | October 1, 2007 |
|---|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E30INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | | |

allegations. Sprewell, 266 F.3d at 988; Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).

Furthermore, unless a court converts a Fed. R. Civ. P. 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Continental Corp. v. Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds *sub nom* Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Fed. R. Civ. P. 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied "when the court determines that other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### C. MOTION FOR RECONSIDERATION

Local Rule 7-18 sets forth the bases upon which this Court may reconsider a previous order. The Rule provides as follows:

A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise or reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | October 1, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E30INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

**D.    MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)**

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Rule 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Rule 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also strike under Rule 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Engineers, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Rule 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

**III.   DISCUSSION**

**A.    MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 9(b)**

Defendants request that the Court dismiss plaintiff's FAC with prejudice pursuant to Fed. R. Civ. P. 9(b) for failure to plead with sufficient particularity. Defendants assert that plaintiff fails to identify who sent the e-mails at issue, how the e-mails violated Cal. Bus. & Prof. Code § 17529.5 and the CAN-SPAM Act and what was false in the headers and subject lines at issue. Def. Mem. of P. & A. in Supp. of Mot. at 1, 3-4. Defendants further argue that the complaint is deficient because plaintiff fails to state "how *all* of the Defendants violated the statutes at the same time." Id. at 3 (emphasis in original). Defendants state that plaintiff again fails to attach any offending e-mail to the FAC or to otherwise provide defendants' with the same, despite their requests. Id. at 4. Defendants argue that plaintiff's third, fourth and fifth claims for relief should similarly be dismissed with prejudice because these claims require plaintiff to plead and prove that defendants are responsible for the allegedly illegal e-mails. Id. at 5.

In their reply, defendants further argue that plaintiff's attachment of examples is inadequate because it "is list of unknown origin that Plaintiff purports includes the 'from' and 'subject' lines of 99 allegedly offending e-mails." Def. Reply at 3 (referring to FAC, Ex. A (Examples of Deceptive Subject & Header Lines). Defendants further argue that plaintiff provides "no factual support" that the allegedly illegal e-mails lacked a valid return address. Id. (citing Pl. Opp'n at 5). Defendants contend that plaintiff's refusal to produce the e-mails "raises an inference that must be construed against Plaintiff." Def. Reply at 3.

The Court concludes that plaintiff has sufficiently pled the nature of the misconduct alleged. As this Court advised in its June 25, 2007 order, the FAC specifies the manner in which the header and subject lines were false or misleading. Plaintiff sufficiently identifies the nature of the fraud by alleging that the header was deceptive because it purported to identify the sender of the e-mail, but failed to do

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | |
|---|---|---|---|
| Case No. | CV 07-2835 CAS (VBKx) | Date | October 1, 2007 |
| Title | WILLIAM SILVERSTEIN, an individual v. E30INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

so. FAC ¶¶ 42, 60, 28; Ex. A (Examples of Deceptive Subject & Header Lines). The FAC alleges that the header information included multiple domain names in order to "deceive the spam filters in an attempt to trick the recipient into opening and reading the e-mail." FAC ¶¶ 48-51. Additionally, plaintiff alleges that the subject lines are deceptive because they falsely indicate that defendants are selling discounted brand name products, when in fact defendants are selling counterfeit products. FAC ¶¶ 61-62. Plaintiff also attaches examples of deceptive subject and header lines. FAC, Ex. A (Examples of Deceptive Subject & Header Lines). Plaintiff's allegations give defendants sufficient notice to enable them to defend against the misconduct alleged. Accordingly, the Court DENIES defendants' motion to dismiss plaintiff's FAC for failure to plead with particularity.

### B. MOTION TO DISMISS PURSUANT TO 12(b)(6)

#### 1. FIRST (CAL. BUS. & PROF. CODE § 17529.5) AND SECOND CLAIMS (CAN-SPAM ACT) FOR RELIEF

Defendants argue that this Court should dismiss plaintiff's second claim for relief because there is no private right of action under the CAN-SPAM Act. Def. Mem. of P. & A. in Sup. of Mot. at 5. According to defendants, plaintiff's allegations demonstrate that he seeks "to remedy an individual harm," because they all reference e-mails sent to plaintiff's personal e-mail account. Id. at 5-6 (citing FAC ¶ 38).

The CAN-SPAM Act creates a private right of action for providers of Internet access service. 15 U.S.C. § 7706(g). "The term 'Internet access service' means a service that enables users to access content, information, electronic mail, or other services offered over the Internet . . . ." 47 U.S.C. § 231(e)(4). Plaintiff alleges that operating as a sole proprietor, he utilizes computers that he owns and maintains to "[provide] registered users the ability to send or receive electronic mail." FAC ¶¶ 1-3. Plaintiff further alleges that "Defendants used Plaintiff's servers to relay spam without authorization." FAC ¶ 90. Based on the foregoing, the Court concludes that plaintiff has sufficiently stated a claim for relief under the CAN-SPAM Act. Defendants' arguments to the contrary are better addressed on a motion for summary judgment. Accordingly, the Court DENIES defendants' motion to dismiss the plaintiff's second claim for relief under the CAN-SPAM Act.

Defendants further argue that the first and second claims should in any event be dismissed as to defendant Moniker. Def. Mem. of P. & A. in Sup. of Mot. at 6.[1] Defendants contend that Cal. Bus. & Prof. Code § 17529.5 requires a defendant to "actually send the alleged spam or cause it to be sent." Id. Defendants claim that the "the Declaration of Eric Harrington makes clear that Plaintiff's specious allegations cannot be inferred to mean that Defendant Moniker sent or caused to be sent the allegedly offending emails." Id. Defendants further argue that plaintiff nowhere alleges that Moniker

---

[1] The second claim for relief is not alleged against defendant Moniker. FAC at 14 ("Against All Defendants, Except Moniker"). Accordingly, the Court DENIES defendants' motion to dismiss the second claim for relief as against defendant Moniker as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2835 CAS (VBKx) | Date | October 1, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E30INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

"advertised" in the illegal e-mails. Id. at 7-8.

California Business and Professions Code § 17529.5(a)(2) provides that "[i]t is unlawful for any person or entity to advertise in a commercial e-mail advertisement either sent from California or sent to a California electronic mail address . . . [which] contains or is accompanied by falsified, misrepresented, or forged header information." "'Commercial e-mail advertisement' means any electronic mail message initiated for the purpose of advertising . . . ." Cal. Bus. & Prof. Code § 17529.1. In Asis Internet Servs. v. Optin Global Inc., Case No. C 05-5124 CW, 2006 U.S. Dist. LEXIS 46309 *21 (N.D. Cal. 2006), the court stated that "the language of the statute . . . appears to extend liability to anyone who 'advertises' in a commercial e-mail containing a misleading header or subject line, regardless of whether the advertiser was also the one who sent the spam or caused it to be sent. Cf. Cal. Bus. & Prof. Code § 17529.2 (prohibiting the initiation or advertisement in unsolicited commercial emails sent from or to California)." Thus, whether or not Moniker sent or caused the e-mail to be sent, it would be liable if it advertised in the prohibited e-mail. Plaintiff alleges that Moniker is liable under Cal. Bus. & Prof. Code § 17529.5 because the illegal e-mails advertise domain names that are registered and/or owned by Moniker. Pl. Opp'n at 3 (citing FAC ¶ 57, 79).[2] Based on these allegations the Court DENIES defendants' motion to dismiss the first claim for relief as against defendant Moniker without prejudice to defendants' brining a motion for summary judgment on a complete evidentiary record.

### 2.   THIRD CLAIM FOR RELIEF (TRESPASS TO CHATTELS)

Defendants argue that plaintiff's third claim for relief should be dismissed because plaintiff does not allege that defendants interfered or threatened to interfere with "an ISP's computer system functionality." Def. Mem. of P. & A. in Supp. of Mot. at 8. Defendants argue that a claim for trespass to chattel cannot be predicated on the misconduct alleged in the FAC: sending illegal e-mails "that passed through Plaintiff's computer" and caused injury because of their content. Id. (citing Intel Corp. v. Hamidi, 71 P.3d 296, 302 (Cal. 2003). Defendants further argue that the trespass to chattels claim should be dismissed because plaintiff fails to allege that he suffered more than nominal damages. Id. at 9 (citing Intel Corp. v. Hamidi, 71 P.3d at 302).

Plaintiff responds that his claim for trespass to chattel is not predicated on a content based injury, but instead, "on lack of permission." Pl. Opp'n at 8. Plaintiff argues that "Defendants' unauthorized use of Plaintiff's [computer] system caused or threatened to cause harm." Id. Plaintiff further argues that he need not be an ISP to state a claim for trespass to chattel. Id. at 9.

//
//

---

[2] Plaintiff also appears to argue that his first claim for relief should not be dismissed as against defendant Moniker because Moniker's activities subject it to liability under 18 U.S.C. § 1037(4). Pl. Opp'n at 3. Count One does not allege a violation of 18 U.S.C. § 1037(4), nor could it because as plaintiff concedes, 18 U.S.C. § 1037(4) is a criminal statute under which he has not private right of action. Pl. Opp'n at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-2835 CAS (VBKx) | Date | October 1, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E30INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

Defendants reply that plaintiff "does not, and cannot, allege [that he sustained] any physical damage." Def. Reply at 6.

"Trespass to chattel . . . lies where an intentional interference with the possession of personal property has proximately caused injury." Thrifty-Tel, Inc. v. Bezenek, 54 Cal. Rptr. 2d 468, 473 (Cal. Ct. App. 1996). "Defendant's interference . . . must . . . have caused some injury to the chattel or plaintiff's right to it." Intel Corp. v. Hamidi, 71 P.3d 296, 301 (Cal. 2003). However, the mere sending of unsolicited e-mail with objectionable content, without harm to the computer system or its functioning, does not give rise to a claim for trespass to chattel. Id at 300. In the present case, plaintiff alleges that defendants' misconduct caused harm to, overburdened and impaired the functioning of his computer systems. FAC ¶¶ 99-104. Defendants cited cases, Intel Corporation and Omega World Travel v. Mummargraphics, Inc., 469 F.3d 348 (4th Cir. 2006), both arose in connections with motions for summary judgment. The Court finds that defendants' arguments are better addressed on a motion for summary judgment. Because the FAC alleges that defendants' commercial e-mail messages burdened plaintiff's computer systems and caused damage, plaintiff has stated a claim for trespass to chattel. The Court therefore DENIES defendants' motion to dismiss plaintiff's third claim for relief without prejudice to defendants' bringing a motion for summary judgment on a complete evidentiary record.

### 3. FOURTH CLAIM FOR RELIEF (CAL. PENAL CODE § 502)

Defendants argue that plaintiff's claim under Cal. Penal Code § 502 should be dismissed. Defendants argue that the FAC does not allege that they "[accessed] Plaintiff's computers as that term is defined in Cal. Penal Code § 502, since "[a]t most, Plaintiff received e-mails he did not want, and nothing more." Def. Mem. of P. & A. in Supp. of Mot. at 11. Defendants state that "'access' means 'to gain entry to, instruct, or communicate with the logical, arithmetical, or memory function resources of a computer, computer system or computer network.'" Id. at 10 (citing Cal. Bus. & Prof. Code § 502(b)(1)). Defendants further argue that "[n]o court has concluded that [Cal. Penal Code] § 502 applies to the conduct alleged in this case." Def. Mem. of P. & A. in Supp. of Mot. at 11. Defendants claim that because Cal. Bus. & Prof. Code § 17529.5 addresses the activities alleged in the FAC, the legislature could not have intended Cal. Penal Code § 502 to apply to those same activities. Id. Finally, defendants argue that the FAC does not allege that they sent or authorized the sending of any illegal e-mail. Id.

Plaintiff responds that "Defendants, without authorization, communicated with Plaintiff's computer system, instructed Plaintiff's server to create a copy of their spam and deposit it into a mailbox for the user to retrieve," in violation of Cal. Penal Code § 502(c). Pl. Opp'n at 10. Plaintiff argues that defendants fail to cite authority prohibiting the application of Cal. Penal Code § 502(c) to the present situation. Id. at 11. Plaintiff further argues that both Cal. Bus. & Prof. Code § 17529.5 and Cal. Penal Code § 502 can and do prohibit the misconduct alleged in the present case. Id.

Defendants reply that "[i]t is axiomatic that the California legislature would not enact two separate laws to address the same wrong." Def. Reply at 6. Defendants argue that in any event, plaintiff fails to state a claim under Cal. Penal Code § 502, because the FAC does not allege the statutory elements of "'access'" or "'injury'" as those terms are defined in the statute. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | October 1, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E3OINSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

California Penal Code § 502(a) states that "[i]t is the intent of the Legislature in enacting this section to expand the degree of protection afforded to individuals, businesses, and governmental agencies from tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems." Thus, Cal. Penal Code § 502(e)(1) provides a private right of action for persons who "[suffer] damage or loss by reason of a violation of any of the provisions of [Cal. Penal Code § 502(c)]." A plaintiff may utilize the statute to proceed against transmitters of unsolicited bulk e-mail, but only if the plaintiff suffered "damage or loss." See Lily Zhang, Note, The CAN-SPAM Act: An Insufficient Response to the Growing Spam Problem, 20 Berkeley Tech. L.J. 301, 316 n107 (2005) (stating Cal. Penal Code § 502(e)(1) "[allows] individuals to bring a private cause of action against spammers"); David E. Sorkin, Technical and Legal Approaches to Unsolicited Electronic Mail+, 35 U.S.F. L. Rev. 325, (Winter 2001) (noting that Cal. Penal Code § 502 punishes "spammers"). Plaintiff alleges that he "suffered damages as a result of Defendant's wrongful conduct." FAC ¶ 104 (incorporated into plaintiff's fourth claim for relief through FAC ¶ 108). The Court therefore DENIES defendants' motion to dismiss plaintiff's fourth claim for relief.

### 4. FIFTH CLAIM FOR RELIEF (NEGLIGENCE PER SE)

Defendants argue that plaintiff's claim for negligence per se should be dismissed because "Defendants have not violated any of the statutes or codes on which Plaintiff seeks to hold Defendants liable." Def. Mem. of P. & A. at 11-12.

Because the Court has not dismissed plaintiff's other claims for relief, plaintiff has sufficiently pled a claim for negligence per se. Accordingly, the Court DENIES defendants' motion to dismiss plaintiff's fifth claim for negligence per se.

### 5. SIXTH CLAIM FOR RELIEF (LIBEL PER SE)

Defendants further seek to dismiss plaintiff's sixth claim for relief against E360 and Linhardt for libel per se. Defendants argue that the FAC makes no allegations against E360, but only against Linhardt individually. Def. Mem. of P. & A. in Supp. of Mot. at 12. Defendants argue that Fed. R. Civ. P. 15 contemplates that "amendments will be based on the same transactions and occurrences," however, plaintiff's libel per se claim is unrelated to the allegations in the original complaint. Id at 13 (citing Fed. R. Civ. P. 15(a), (c); Martell v. Trilogy, 872 F.2d 322, 325 (9th Cir. 1989)). Defendants further contend that plaintiff has "misrepresented the allegedly libelous statement" and therefore provide the Court with full statement in their motion. Def. Mem. of P. & A. in Supp. of Mot. at 13-16.[3] According to defendants, the statement refers to "[the] audience at large . . . as 'criminal vigilantes,'" and this "reference . . . necessarily excludes Plaintiff." Id. at 17.

//
//

---

[3] In considering a motion to dismiss, the Court does not consider evidence offered in material outside of the four corners of the Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2835 CAS (VBKx) | Date | October 1, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E30INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

In their reply defendants argue that plaintiff's failure to plead the necessary elements of "*respondeat superior*" is fatal to his libel per se claim against E360. Def. Reply at 8-9.

Under Federal Rule of Civil Procedure 15(d), "[u]pon motion of a party[,] the court may . . . permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Plaintiff filed the FAC and added new claims in response to the Court's June 25, 2007 order dismissing plaintiff's complaint with leave to amend. Therefore, the Court concludes that plaintiff has properly added the sixth claim for relief in the FAC.

Moreover, plaintiff has sufficiently identified the allegedly libelous statement. "'The general rule is that words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint.'" Vogel v. Felice, 26 Cal. Rptr. 3d 350, 359 n.3 (Cal. Ct. App. 2005) (citing Kahn v. Bower, 284 Cal. Rptr. 244, 253 n.5 (Cal. Ct. App. 1999)). Plaintiff alleges that "[o]n June 28, 2007, Linhardt [, "acting in his official capacity as president of e360,"] published a statement onto Usenet, using Google News, that plaintiff is a 'criminal vigilante,'" and implying that plaintiff illegally used E360's servers to send pornographic e-mails to E360's clients. FAC ¶¶ 135, 138, 146. Accordingly, the Court concludes that plaintiff sufficiently pleads a claim for liber per se against E360. The Court therefore DENIES defendants' motion to dismiss plaintiff's sixth claim for relief as against defendant E360.

This Court dismissed defendant Linhardt for lack of personal jurisdiction through its August 6, 2007 order. The Court also denies plaintiff's motion for reconsideration of that order below. Therefore, the Court DENIES defendants' motion to dismiss plaintiff's claim against Linhardt as moot.

### C. MOTION TO STRIKE PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES

Defendants argue that plaintiff's claim for punitive damages should be stricken since each of his other claims on which punitive damages is predicated, fails to state a claim for relief. Def. Mem. of P. & A. in Supp. of Mot. at 18.

In light of the Court's other rulings herein, the Court DENIES defendants' motion to strike plaintiff's request for punitive damages.

### D. PLAINTIFF'S MOTION FOR RECONSIDERATION

By the present motion, plaintiff requests that the Court find defendant Linhardt subject to this Court's jurisdiction. Plaintiff argues that exercising personal jurisdiction is appropriate in light of Goldhaber v. Kohlenberg, 395 N.J. Super. 380 (NJ. Super. Ct. App. Div. 2007), wherein the court exercised personal jurisdiction over a nonresident defendant who posted defamatory statements on a Internet newsgroup. Pl. Mot. at 6-7. Plaintiff further argues that because defendant Linhardt argued in E360Insight, LLC and David Linhardt v. Mark James Ferguson, et. al., Case No. 07 L 004983 (Ill. Cir. Ct. 2007), that "a newsgroup posting made by a person with no ties to Illinois is subject to Jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | Date | October 1, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E30INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

[sic] in Illinois where the internet posting would be read by an Illinois resident," he is judicially estopped from taking a contrary position in the present action. Id. at 4, 7, 10. Plaintiff also contends that Linhardt would not have standing to bring suit in E360 Insight, LLC and David Linhardt v. The Spamhaus Project, Case No. 06-CV-03958 (N.D. of Ill.), unless he personally suffered loss of business and business opportunities. Id. at 9. Plaintiff further contends that Linhardt is judicially estopped from arguing lack of personal jurisdiction because he sought damages in The Samphaus Project while acting in an individual capacity. Id. 9-10. Plaintiff argues that the Court failed to address this issue in its August 6, 2007 order. Id. at 8-9.

Defendants respond that plaintiff does not address "new" law because Goldhaber relies upon judicial precedent predating the Court's August 6, 2007 ruling. Def. Opp'n at 2.[4] Defendants further argue that Goldhaber is distinguishable because the defendant "'not only knew that the plaintiffs resided in New Jersey, he knew the municipality in which they resided and made specific disparaging reference to that municipality in many of his positing . . . [sic] made insulting comments about that municipality's police department . . . [sic] referred to plaintiff's neighbors in the apartment complex in which they resided and at one point even posted their addresses." Id. at 3 (citing Goldhaber, 395 N.J. Super. at 389-90). Defendants argue that in the present case Linhardt made a single posting and did not purposely target or otherwise make reference to the state of California. Def. Opp'n at 3. Defendants further argue that estoppel is not applicable because Linhardt was not "successful" in taking a position contrary to the one taken in the instant case since the court dismissed the Ferguson action. Id. at 4. Finally, defendants contend that this Court already determined that Linhardt's participation in Spamhaus did not confer personal jurisdiction over him in the present action. Id. at 5.

Plaintiff replies that because E360 and Linhardt voluntarily dismissed the case in Ferguson judicial estoppel still applies. Pl. Reply at 2. Plaintiff further argues that Goldhaber is not only "new" law, because it was decided just two days prior to this Court's August 6, 2007 ruling, but it is "the first appellate case (that Plaintiff is aware of) that applies [Calder v. Jones, 465 U.S. 783 (1984)] to a USENET newgroup posting – as opposed to a website." Id. at 3. Plaintiff argues that a unlike a website that remains at "one location on the internet," a "USENET posting is . . . replicated to other servers around the world." Id. Plaintiff further argues that unlike in Blakely v. Continental Airlines, 164 N.J. 38, 64 (N.J. Supp. 2000), where the website was only accessible by Continental employees, Linhardt's posting was accessible to the general public. Id. (citing Blakely, 164 N.J. at 48). Plaintiff contends that the Goldhaber court referred to the specific municipality mentioned in the newsgroup posting because "the municipality indicates the precise knowledge of where the harm is directed," but "failing to specify the municipality would [not] have divested New Jersey of jurisdiction." Pl. Reply at 3. Plaintiff further argues that Linhardt made the libelous statements with knowledge that plaintiff resided in the state of California and that he would therefore suffer harm in the same. Id.

---

[4] Defendants contend that in reaching its decision the Goldhaber court applies Calder v. Jones, 465 U.S. 783 (1984), and Blakely v. Continental Airlines, 164 N.J. 38 (N.J. Supp. 2000). Def. Opp'n at 2-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS (VBKx) | | Date | October 1, 2007 |
|---|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E30INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | | |

In Goldhaber, the court applied traditional principles to analyze whether the "'defendant's conduct and connection with the forum State [were] such that he should [have] reasonably [anticipated] being haled into court there.'" Goldhaber, 395 N.J. Super at 386-87. Thus, the court focused on whether the defendant sufficiently targeted or directed his activities at the forum state. Id. at 388-90. The court determined that the evidence demonstrated the defendant "[targeted]" the forum state with his defamatory statements. Id. at 389-390. The court reasoned, defendant

> not only knew that plaintiffs resided in New Jersey, he knew the municipality in which they resided and made specific disparaging references to that municipality in many of his postings. Certain of his postings were made in response to plaintiffs' replies to the offending comments. He also made insulting comments about the municipality's police department. In addition, he referred to plaintiffs' neighbors in the apartment complex in which they resided and at one point even posted their address.

Id. Based on this conduct, the court concluded that "[defendant] should reasonably [have] anticipate[d] being haled into court" in New Jersey. Id. In the present case, the Court is urged to find purposeful availment on two evidentiary grounds: (1) defendant's knowledge that plaintiff resides in the state of California and (2) defendant's use of a server located in the forum state. This Court has already stated that the latter fact is insufficient. See June 25, 2007 Order; August 6, 2007 Order; but see Bochan v. La Fontaine, 68 F. Supp. 2d 692, 699 (E.D. Va. 1999) (exercising jurisdiction under long-arm statute conferring jurisdiction where a defendant "[causes] tortious injury by an act or omission in [the forum]," where online defamatory postings were transmitted through a server in the forum state). Moreover, mere knowledge of a person's residence, without conduct reaching out and into the forum state, does support a finding of specific jurisdiction. The Court concludes that plaintiff's proffered evidence does not suggest that Linhardt sufficiently directed or focused the allegedly defamatory statements to the state of California.

The Court finds plaintiff's additional arguments similarly unpersuasive. The Court has already considered Linhardt's participation in The Spamhaus Project, and found that it did not subject Linhard to this Court's jurisdiction. Moreover, judicial estoppel cannot be properly invoked to subject Linhardt to jurisdiction based on his representations in Ferguson. While judicial estoppel "is not confined to inconsistent positions in the same litigation," its application is limited to cases where the "court has relied on the party's previously inconsistent statement." Rissetto v. Plumbers & Steam Fitters Local 343, 94 F.3d 597, 605 (9th Cir. 1996); Interstate Fire & Casualty Co. v. Underwriters at Lloyd's, London, 139 F.3d 1234, 1239 (9th Cir. 1998) (citing Masayesva v. Hale, 118 F.3d 1371, 1382 (9th Cir. 1997)). Plaintiff concedes that the Ferguson court did not "rely" on defendant's " inconsistent position." See Pl. Opp'n at 2; Interstate Fire & Casualty Co., 139 F.3d at 1239. In accordance with the foregoing, the Court hereby DENIES plaintiff's motion for reconsideration.

//
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-2835 CAS (VBKx) | Date | October 1, 2007 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E30INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

## IV. CONCLUSION

The Court DENIES defendants' motion to dismiss plaintiff's FAC for failure to plead with particularity. The Court further DENIES defendants' motion to dismiss the plaintiff's second claim for relief under the CAN-SPAM Act. The Court DENIES defendants' motion to dismiss the first claim for relief as against defendant Moniker without prejudice to defendants' bringing a motion for summary judgment on a complete evidentiary record. The Court similarly DENIES defendants' motion to dismiss plaintiff's third claim for relief without prejudice to defendants' bringing a motion for summary judgment on a complete evidentiary record. The Court DENIES defendants' motion to dismiss plaintiff's fourth claim for relief under Cal. Penal Code § 502. The Court further DENIES defendants' motion to dismiss plaintiff's fifth claim for negligence per se. The Court DENIES defendants' motion to dismiss plaintiff's sixth claim for libel per se against defendant E360. The Court also DENIES defendants' motion to dismiss plaintiff's claim against defendant Linhardt as moot. The Court DENIES defendants' motion to strike plaintiff's request for punitive damages. Finally, the Court DENIES plaintiff's motion for reconsideration of its August 6, 2007 order dismissing Linhardt for lack of personal jurisdiction.

IT IS SO ORDERED.

00 : 10

Initials of Preparer