Joseph L. Kish (SBN 136429)
Synergy Law Group
730 West Randolph, 6th Floor
Chicago, IL 60661
Telephone: 312.454.0015
Facsimile: 312.454.0261
E-Mail: jkish@synergylawgroup.com

Attorney for e360Insight, Bargain Depot
Enterprises, LLC, a.k.a.
Bargaindepot.net, and Moniker Online
Services, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION, LOS ANGELES

| | |
|---|---|
| WILLIAM SILVERSTEIN, an individual, <br>        Plaintiff, <br><br>    vs. <br><br> e360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive, <br>        Defendants <br> AND RELATED COUNTERCLAIMS | Case No.: cv07-2835 CAS (VBKx) <br><br> **OPPOSITION TO PLAINTIFF'S ANTI-SLAPP MOTION TO STRIKE COUNTERCLAIMS PURSUANT TO CCP § 424.16.** <br><br> Date: April 7, 2008 <br> Time: 10:00 a.m. <br> Courtroom: 5 on 2nd Floor |

Opposition To Anti-SLAPP Motion

**Table of Contents**

A.    Introduction. ........................................................................................................1

B.    Legal Standards. ..................................................................................................2

C.    Plaintiff's Motion Should Be Stricken For Failure To Comply With Local Rule
7-3.………………………………………………………………………………3

D.    Plaintiff's Motion To Strike Should (1) Be Denied As To The Defamation
Claims Because The Evidence Before The Court Is Sufficient To Support A
Judgment In Favor Of e360 and BDE And (2) Because Certain Statements Are Not
Subject To The Anti-SLAPP Statute And (3) Are Not Privileged. ..........................8

   1.    E360 Is Not A Public Figure. ........................................................................9

   2.    The Statements Made By Plaintiff Stating that e360 And BDE  Send Spam
   And Send Illegal Spam Are Defamatory And e360 And BDE Have Sufficient
   Evidence To Prevail On Their Counterclaim. ...................................................... 10

   3.    Plaintiff's Labeling Of e360 As A Liar Is Not Privileged And Is Defamatory.
   …………………………………………………………………………...13

E.    Plaintiff's Motion Should Be Denied As To E360's and BDE's Abuse Of
Process Claim In Light Of Their Agreement To Voluntarily Dismiss  This Claim.
…………………………………………………………………………..16

F.    Plaintiff's Counsel's Request For Attorney's Fees Is Not     Warranted......... 17

G.    Conclusion.................................................................................................. 19

**Cases**

*Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002)................................7

*Dial Corp. v. MG Skinner & Assocs.*, 180 Fed. Appx. 661, 663, 2006 U.S. App.
   LEXIS 12361 * 5 (9th Cir. 2006).........................................................................7

*Griffith v. Davis*, 161 F.R.D. 687, 698, 1995 U.S. Dist. LEXIS 13882 *32 (9th Cir.
   1995) ................................................................................................................ 14

*Hall v. Time Warner, Inc.*, 153 Cal. App. 4th 1337, 1346, 63 Cal. Rptr. 3d 798, 805
   (Cal. App. 2nd 2007) ..........................................................................................2

i

*Hutchinson v. Proxmire*, 443 U.S. 111, 135, 99 S. Ct. 2675, 2688 (1979) ...............9

*Kang v. PB Fasteners*, 2008 U.S. App. LEXIS 4694 * 7 (9th Cir. 2008)................6

*Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 21, 110 S. Ct. 2695, 2707 (1990)... 14

*Moyer v. Amador Valley J. Union High Sch. Dist.*, 275 Cal. Rptr. 494, 275 Cal. Rptr. 494 (Cal. App. 1st 1990) ........................................................................ 14

*Reader's Digest Ass'n v. Superior Court*, 37 Cal. 3d 244, 254 (Cal. 1984) .............9

*Rodriguez v. Panayiotou*, 314 F.3d 979, 2002 U.S. App. LEXIS 24352 (9th Cir. 2002)........................................................................................................... 14

*Rothman v. Jackson*, 49 Cal. App. 4th 1134, 1141, 57 Cal. Rptr. 2d 284, 288 (Cal. App. 2nd 1996) ...................................................................................... 15

*Shively v. Bozanich*, 31 Cal. 4th 1230, 1242, 80 P.3d 676, 682 (Cal. 2003).......... 11

*Silberg v. Anderson*, 50 Cal. 3d 205, 211, 786 P.2d 365, 369 (Cal. 1990) ...... 15, 16

*Zamos v. Stroud*, 32 Cal. 4th 958, 964-965, 87 P.3d 802, 806 (Cal. 2004)...............2

**Statutes**

Cal. Code of Civil Procedure § 425.16 ....................................................................2

Cal. Code of Civil Procedure § 425.16(b)(2).........................................................3

Cal. Code of Civil Procedure § 425.16(f).............................................................3

**Rules**

Fed. R. Civ. P. 12 ................................................................................................. 17

Local Rule 7-3............................................................................................... passim

ii

Opposition To Anti-SLAPP Motion

Defendants and Counter-Plaintiffs, e360Insight, LLC (e360), and Bargain Depot Enterprises, LLC aka BargainDepot.net (BDE), through their attorneys of record, oppose Plaintiff William Silverstein's (Plaintiff) Anti-SLAPP motion as follows:

**A.     Introduction.**

Plaintiff believes that he can file a lawsuit supported by no evidence, run this Court and the Defendants through the litigation ringer, and then hide behind California's anti-SLAPP statute when he is called out to answer for his actions. Plaintiff's behavior in this lawsuit cannot be what the California Legislature contemplated when it enacted the anti-SLAPP statute to protect legitimate constitutional rights to petition.

Far from being a strategic lawsuit against public participation, e360 and BDE filed its abuse of process counterclaim only after determining that Plaintiff never had any evidence to bring of the email claims in Counts I-V. (They also chose to bring their defamation claims at this time since the statements on which they are based relate to the occurrences contained in Plaintiff's First Amended Complaint.) e360 and BDE's claims were not filed frivolously as Plaintiff contends and, ironically, Plaintiff does not support his motion with any evidence of the emails that would have obviated the Counterclaim in the first place.  Plaintiff's

1

motion to strike the Counterclaim should be stricken for failure to comply with Local Rule 7-3 or should be denied in its entirety.

**B.     Legal Standards.**

The anti-SLAPP statute, provides in relevant part: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.  See Cal. Code of Civil Procedure § 425.16. The moving party (here Plaintiff) "has the initial burden to show that the cause of action "aris[es] from [an] act in furtherance of the [Plaintiff's] right of petition or free speech." See *Zamos v. Stroud*, 32 Cal. 4th 958, 964-965, 87 P.3d 802, 806 (Cal. 2004) (internal citations omitted).  If Plaintiff carries this burden, "the burden shifts to the opposing party [here e360 and BDE] to demonstrate the 'probability that the plaintiff will prevail on the claim.'" *Id*.  e360 and BDE "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id*.  e360's and BDE's "showing of facts must consist of evidence that would be admissible at trial.  *Hall v. Time Warner, Inc.*, 153 Cal. App. 4th 1337, 1346, 63 Cal. Rptr. 3d 798, 805 (Cal. App. 2nd 2007).  The trial

2

Opposition To Anti-SLAPP Motion

court "cannot weigh the evidence …" *Id.* The court, in making this determination, "shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Code of Civil Procedure § 425.16(b)(2).

### C. Plaintiff's Motion Should Be Stricken For Failure To Comply With Local Rule 7-3.

Local Rule 7-3 states in pertinent part:

> … counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person,* the substance of the contemplated motion and any potential resolution … the conference shall take place at least twenty (20) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

The only exception to the twenty (20) day stay period is for motions that are required to be filed within a specific period of time proscribed by the Federal Rules of Civil Procedure. That exception is inapplicable in this case because California's anti-SLAPP statute, not the Federal Rules, proscribe the operative time frames. See Cal. Code of Civil Procedure § 425.16(f).

Opposition To Anti-SLAPP Motion

Here, Mr. Silverstein sought to represent himself initially with respect to the Counterclaim and specifically sought to file an anti-SLAPP motion.  Mr. Silverstein attempted to 'meet and confer' with Defendants' counsel, Joseph L. Kish, notwithstanding that he was represented by counsel and there had not been a substitution of representation. (See Declaration of Joseph L. Kish, Exhibit A, (Kish Dec.) at ¶ 2.) At this time Mr. Kish did not understand that Plaintiff and his attorney were going to attempt to split representation and therefore went ahead in good faith with discussions with Mr. Silverstein.[1]  (See Kish Dec. at ¶ 3.)  Even though these discussions lasted approximately 2-1/2 hours over the course of two days, there was no meaningful conferencing as contemplated by this Court's local rules because Mr. Silverstein did not have an understanding of admissible evidence and kept insisting that Mr. Kish did not understand how emails worked. (See Kish Dec. at ¶ 4.) Mr. Silverstein promised that instead of submitting any actual un-redacted emails, he would provide a "technical explanation" why the 11 emails he previously provided established Defendants' liability. (See Kish Dec. at ¶ 5.) The technical explanation was never been provided by Mr. Silverstein or his attorney

---

[1]  Mr. Nejadpour did not object to these discussions going forward and raises no argument now that they were inappropriate even though Mr. Silverstein was, and remains, represented by Mr. Nejadpour.

4

Opposition To Anti-SLAPP Motion

and has never been supplied since. (See Kish Dec. at ¶ 6.)  As a result this meet and confer was never completed.  (See Kish Dec. at ¶ 7.)

In the meantime, the Court denied Plaintiff's request to bifurcate representation and struck the anti-SLAPP motion filed by Plaintiff.  (ECF Doc. No. 50).  Mr. Kish then advised Plaintiff's counsel that any prior communications with Mr. Silverstein directly did not satisfy the requirements of L. R. 7-3 in the event Plaintiff contemplated filing any new motion.  (See Kish Dec. at ¶ 8, Exhibit 1.) Mr. Kish further advised Plaintiff's counsel that if he intended to file an anti-SLAPP motion, there would need to be a "meet and confer" in advance of the filing.  (See Kish Dec. at ¶ 9, Exhibit 1.)

Contrary to the representations made by Plaintiff's counsel, no actual "meet and confer" pertaining to this motion with Plaintiffs counsel took place until March 4, 2008.  (See Kish Dec. at ¶ 11.)  During these discussions, Mr. Kish reiterated the need for the actual un-redacted emails containing all header information, which would be the only admissible evidence that could support Plaintiff's case and would obviate an abuse of process claim[2].  (See Kish Dec. at ¶ 12.) During this meet and confer there were also discussions about both parties dropping certain

---

[2] Mr. Kish informed Plaintiff's counsel that if the emails were produced it was likely that the abuse of process claim would be dismissed if the emails established either e360's or BDE's liability.  (See Kish Dec. at ¶ 13.)

5

Opposition To Anti-SLAPP Motion

claims so that this case could move forward without unnecessary motion practice and the discovery stay that automatically accompanies the filing of an anti-SLSPP motion to strike.  (See Kish Dec. at ¶ 14.)   In a second telephone conference later this same day the attorneys were joined by Mr. Silverstein who again promised to provide the "technical explanation" pertaining to the emails. (See Kish Dec. at ¶ 15.)

Instead of furthering these discussions, Plaintiff's counsel filed this motion just eight (8) days later on March 12, 2008[3].  (ECF Doc. No. 54).  Even if this Court accepts the representations made by counsel for Plaintiff regarding the dates of the "meet and confer" (February 28, 2008 and March 3, 2008), these representations serve as an admission that no "meet and confer" took place at least twenty (20) days in advance of the filing of the pending motion.

The Ninth Circuit has recognized the trial court's discretion in striking as untimely any motions filed in violation of L. R. 7-3.  See *Kang v. PB Fasteners*, 2008 U.S. App. LEXIS 4694 * 7 (9th Cir. 2008) (District Court did not "abuse its discretion in striking [the] motion to amend [the] complaint for failure to comply with [] local rule [7-3]. [Plaintiff's] attorney informed opposing counsel of his intention to amend the complaint only ten days before filing the motion, thereby

---

[3] Coincidentally, this was the same day on which Mr. Kish informed Plaintiff's counsel he was unavailable for any proceedings. (See Kish Dec. at ¶ 16.)

6

Opposition To Anti-SLAPP Motion

violating Local Rule 7-3, which requires counsel to meet and confer with opposing counsel at least twenty days prior to filing any motion that, under the Federal Rules of Civil Procedure, need not be filed within a specified period of time.) (See also *Dial Corp. v. MG Skinner & Assocs.*, 180 Fed. Appx. 661, 663, 2006 U.S. App. LEXIS 12361 * 5 (9th Cir. 2006) ("first two motions were struck for failure to comply with Local Rule 7-3) and *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

Inexplicably, Plaintiff here did not allow the 20 day meet and confer process to mature.[4]  As Plaintiff knows, e360 and BDE were considering narrowing its claims against Plaintiff, and e360 and BDE thought Plaintiff was doing the same. e360 and BDE were also hoping, perhaps with unwarranted optimism, that as part of the meet and confer process Plaintiff would finally either produce the emails that purportedly give rise to this action or admit they do not exist. Plaintiff's failure to follow the local rules is not merely form over substance. As late as March 24,

---

[4] Plaintiff has been in technical default since February 18, 2008 because he has never filed an answer or a Rule 12 motion, but e360 and BDE never threatened to move for a default judgment and thus there was no need for Plaintiff to file the anti-SLAPP motion on March 12, 2008.

7

Opposition To Anti-SLAPP Motion

2008 e360 and BDE were attempting to narrow the claims before the Court in order to move this case along without the need for this motion or its attendant discovery stay.  E360 and BDE informed Plaintiff it would voluntarily dismiss the abuse of process claim. (See Kish Dec. at ¶ 17, Exhibit 2.)  E360 and BDE also sought an agreement whereby the Defamation claims of both Plaintiff and e360 and BDE would be mutually dismissed. As of the filing of this opposition, Plaintiff has not agreed. Regardless, the Court should strike the pending motion because Plaintiff failed to comply with L. R. 7-3.

**D.   Plaintiff's Motion To Strike Should (1) Be Denied As To The Defamation Claims Because The Evidence Before The Court Is Sufficient To Support A Judgment In Favor Of e360 and BDE And (2) Because Certain Statements Are Not Subject To The Anti-SLAPP Statute And (3) Are Not Privileged.**

The Counterclaim identifies four separate defamatory statements by Plaintiff.  (See Counterclaim, ECF Doc. No. 44 at ¶¶ 9-18 Exhibits A-D). Specifically, Plaintiff (1) stated e360 and BDE were "spammers", (2 and 3) twice implied that e360 and BDE were involved in sending "illegal spam" by publishing that e360 and BDE were being sued for sending illegal spam and (4) called e360 "liar".

The defamatory statements regarding "spammers" and "illegal spam" were made on a Usenet bulletin board and made public for anyone to read.  e360 and BDE  acknowledge that these defamatory statements were an act in furtherance of

Opposition To Anti-SLAPP Motion

Plaintiff's right of free speech. In addition to the defamatory statements referenced above, Plaintiff has posted numerous other statements regarding E360 on a Usenet bulletin board. (See Linhardt Dec. at ¶¶ 7 and 10.) Many of these statements are also defamatory and are expected to be analyzed in detail during discovery associated with the counter claims. However, because e360 and BDE can demonstrate that the counterclaim is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment …" Plaintiff's motion should be denied.

### 1. E360 Is Not A Public Figure.

Plaintiff cites to various cases for the proposition that Counter-Plaintiff is a "limited purpose public figure". However, contrary to Plaintiff's representations, e360 and BDE are not a public figure because they did not "thrust [themselves] into the forefront of particular public controversies." *Reader's Digest Ass'n v. Superior Court*, 37 Cal. 3d 244, 254 (Cal. 1984). Rather, e360 and BDE only responded to a tide of negative postings on a message board containing defamatory statements that e360 engaged in "spamming". (See Linhardt Dec. ("Linhardt Dec."), Exhibit B at ¶ 7.) and is therefore not a limited purpose public figure. *Hutchinson v. Proxmire*, 443 U.S. 111, 135, 99 S. Ct. 2675, 2688 (1979). Here, Plaintiff made defamatory statements concerning e360 and e360, rather than responding in kind, asked Plaintiff for his e-mail address to ensure that Plaintiff did

9

Opposition To Anti-SLAPP Motion

not receive any unwanted e-mails.  (ECF Doc. No. 56-2 at ¶ 21.)  Plaintiff refused to provide his e-mail address and the only way e360 could communicate with Plaintiff was through postings on the message board.  (See Linhardt Dec. at ¶ 18.)  Plaintiff cannot be allowed to draw e360 into communications and then claim as a defense that the communications are privileged.  The Supreme Court has held that in situations like this, plaintiff "cannot, by [Plaintiff's numerous postings] create [his] own defense by making [e360 and BDE] a public figure." *Id*.

Even if e360 is determined to be a limited purpose public figure, Plaintiff acted with malice and the defamatory statements are not protected.  Plaintiff has never produced a single piece of evidence demonstrating that e360 or BDE sent any e-mail to Plaintiff.  As demonstrated by the motion for summary judgment filed by Defendants, the purported evidence possessed by Plaintiff does not trace back to e360 or BDE.  Therefore, the defamatory statements were false and Plaintiff knew or should have known that they were false.

**2. The Statements Made By Plaintiff Stating that e360 And BDE  Send Spam And Send Illegal Spam Are Defamatory And e360 And BDE Have Sufficient Evidence To Prevail On Their Counterclaim.**

Under California law, "a written communication that is false, that is not protected by any privilege, and that exposes a person to contempt or ridicule or certain other reputational injuries, constitutes libel." *Shively v. Bozanich*, 31 Cal.

10

Opposition To Anti-SLAPP Motion

4th 1230, 1242, 80 P.3d 676, 682 (Cal. 2003). As demonstrated below, all of the statements on which e360 and BDE's libel claim is based fall squarely within this definition

e360 and BDE are prepared to provide the following evidence to support their libel claims.  e360 and BDE deliver their messages to their customers at addresses provided by their customers or from partner sites where individuals opt-in to receive email from e360 and BDE.   (See Linhardt Dec. at ¶ 2.)  e360 and BDE are hired by and partner with companies that wish to market their products or services using the internet.  (See Linhardt Dec. at ¶ 3.)  e360's and BDE's customers sign up at websites owned by e360 and BDE or at websites owned by e360 and BDE' marketing partners. (See Linhardt Dec. at ¶ 4.)  e360's and BDE's custom and practice is to only send email messages to persons who first sign up or opt-in and provide their email address to e360 and BDE or to one of e360 and BDE' marketing partners.  (See Linhardt Dec. at ¶ 5.)  e360 and BDE attempt to verify the desire by such customers to receive emails utilizing a "double opt-in" process. This process involves the customer requesting an email, followed by e360 and BDE sending a confirmatory email allowing the customer to affirm or terminate its decision to receive marketing email.  (See Linhardt Dec. at ¶ 6.)

Here, the labeling e360 and BDE as "spammers" diminishes their reputations because it implies that e360 and BDE are sending unwanted email.

11

Opposition To Anti-SLAPP Motion

(See Linhardt Dec. at ¶ 13.)  Labeling e360 and BDE as "spammers" diminishes the value of their recipient lists because it conveys to their potential clients that the email lists maintained by e360 and BDE are not composed of email addresses of individuals opting in to receive emails.  (See Linhardt Dec. at ¶ 12.)  Labeling e360 and BDE as "Illegal spammers" diminishes their reputations because it implies that e360 and BDE are violating applicable state and federal laws.  (See Linhardt Dec. at ¶ 14.)    Labeling e360 and BDE as "illegal spammers" diminish the value of their recipient list because it conveys to their potential clients that e360 and BDE are violating applicable state and federal laws.  (See Linhardt Dec. at ¶ 15.)

Plaintiff made these defamatory statements in the NANAE Usenet group. The NANAE is a Usenet group.  NANAE is short for "news.admin.net-abuse.email."  The description of the group is, "Discussion of abuse of email systems."  Email systems administrators use NANAE to report, investigate and communicate with other members of the community regarding email abuse, i.e., "spam" issues.  Email systems administrators use NANAE to combat spam email and to evaluate mailers reputation and business practices.  Email systems administrators sometimes act on the information in NANAE by adding IP addresses and domain names to blocklists which are used for blocking or filtering inbound email messages.  (See ECF Doc. No. 56-2 at ¶ 56.)

Opposition To Anti-SLAPP Motion

Finally, in Mr. Linhardt's opinion, based on 12 years of industry experience, no one distinguishes the label "spam" from "illegal spam", or "spamming" from "illegal spamming", and these terms are used synonymously to and are perceived as meaning that one so labeled is engaging in illegal activity. (See Linhardt Dec. at ¶ 16.) e360 and BDE are prepared to show that Plaintiff's labeling of e360 and BDE as "illegal spammers" and other derogatory terms, have caused direct damages to e360's and BDE's ability to generate revenue through their legitimate email marketing practices.

e360 and BDE clearly demonstrate the probability that they will prevail on this part of their defamation claim.  The counterclaim is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment.  Plaintiff's motion should be denied.

### 3. Plaintiff's Labeling Of e360 As A Liar Is Not Privileged And Is Defamatory.

Plaintiff's fourth defamatory statement, that "Silverstein decided to [sic] this lawsuit when E360 filed suit against individuals calling E360 and Linhardt spammers.  *'I don't like bullies or liars,'* said Mr. Silverstein when he said that E360 and Linhardt needs [sic] to be sued." is not privileged and is defamatory. Like the other defamatory statements, Plaintiff does not deny making the statement.  Rather, Plaintiff claims that the communication is privileged because it

13

was made to his attorney.  (See ECF Doc. No. 54 at p. 17)  Plaintiff seemingly is attempting to invoke the attorney client privilege. However, "waiver may occur if the client permits his attorney to disclose the communication to third parties." *Griffith v. Davis*, 161 F.R.D. 687, 698, 1995 U.S. Dist. LEXIS 13882 *32 (9th Cir. 1995).  Here, the defamatory statement was published on the website of Plaintiff's attorney.  (See Linhardt Dec. at ¶ 7.)  Plaintiff does not provide any evidence nor does he even contend that he did not consent to this publication.  Moreover, Plaintiff and his attorney share office space and Plaintiff acts as computer expert for Nejadpour & Associates.  (See Kish Dec. at ¶ 18, Exhibit 3.)  It is simply unimaginable that Plaintiff was unaware of this statements public posting.

The statement that e360 and BDE are "liars" is provably false and therefore subject to a defamation action.  Specifically, the Supreme Court has held that "the connotation that [plaintiff lied] is sufficiently factual to be susceptible of being proved true or false.  *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 21, 110 S. Ct. 2695, 2707 (1990).  Circuit has followed *Milkovich* in recognizing that statements are actionable unless "no reasonable fact finder could conclude that [they] imply a provably false factual assertion." *Rodriguez v. Panayiotou*, 314 F.3d 979, 2002 U.S. App. LEXIS 24352 (9th Cir. 2002) citing *Moyer v. Amador Valley J. Union High Sch. Dist.*, 275 Cal. Rptr. 494, 275 Cal. Rptr. 494 (Cal. App. 1st 1990).

14

Opposition To Anti-SLAPP Motion

Here, Plaintiff has no answer for the Supreme Court's ruling that calling someone a "liar" is actionable. Rather, and without any supporting evidence, Plaintiff contends the statement is true. The fact that Plaintiff thinks the statement is true is factual issue he needs to prove, based on evidence, as an affirmative defense in this case, not boldly assert, either in support of this motion or at trial. Calling e360 a "liar" is a statement of fact that is provably true or false, and the proper basis for e360's defamation claim.

Finally, Plaintiff argues that even if the statement is false, it is protected by the litigation privilege. Plaintiff provides no evidence or legal authority why this would be the case. Statements published to non-participants in an action are not covered by the litigation privilege. *Rothman v. Jackson*, 49 Cal. App. 4th 1134, 1141, 57 Cal. Rptr. 2d 284, 288 (Cal. App. 2nd 1996). ("Statements to non-participants in the action are generally not privileged under section 47, subdivision (b), and are thus actionable unless privileged on some other basis.") Moreover, the litigation privilege only applies "to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 211, 786 P.2d 365, 369 (Cal. 1990). Here, the statement that e360 is a liar was not made to "achieve the objects of the litigation" and did not have any "connection or logical

15

Opposition To Anti-SLAPP Motion

relation to the action." Calling e360 a liar was related to another matter and not in any way related the claims Plaintiff was making against e360 at the time of the statement.

Plaintiff's defamatory statement that e360 is a "liar" is provably false, not protected by any privilege and therefore not subject to being stricken under the anti-SLAPP Statute. Plaintiff's motion should be denied.

**E.     Plaintiff's Motion Should Be Denied As To E360's and BDE's Abuse Of Process Claim In Light Of Their Agreement To Voluntarily Dismiss This Claim.**

e360 and BDE recognize that its abuse of process claim, unlike its defamation claims, might be subject to California's litigation privilege after cases like *Silberg v. Anderson*, 50 Cal. 3d 205, 215 (Cal. 1990), which suggests that only malicious prosecution cases are immune from the litigation privilege. The limitations suggested in *Silberg v. Anderson* are extremely onerous given the facts of this case and e360 and BDE respectfully thought that it should be able to apply for some form of relief short of waiting for its malicious prosecution claim to mature.

Even though this Court allowed the Counterclaim to proceed, ruling that the abuse of process claim was not futile, e360 and BDE have determined that the better course of action is to dismiss its abuse of process claim, wait for its malicious prosecution claim to mature and, in the meantime, avail itself of other

16

remedial devices to combat Plaintiff's abusive tactics. This Court should not, however, allow Plaintiff to seek refuge in the anti-SLSPP statute by claiming entitlement to any attorneys' fees.  Plaintiff should have allowed for the completion of the 20 day meet and confer process.  Plaintiff could have simply moved to dismiss the abuse of process claim under Fed. R. Civ. P. 12. Then, of course, Plaintiff would have had to respond to the discovery that has been previously propounded by Defendants.

**F.      Plaintiff's Counsel's Request For Attorney's Fees Is Not Warranted.**

Plaintiff' counsel's claim for attorneys' fees is neither warranted nor supported by the declarations accompanying this motion. Plaintiff terminated the 20 day meet and confer process after only eight days with no notice to e360 or BDE. That meet and confer was leading to a possible resolution that would have obviated this motion being filed. Even after this motion was filed e360 and BDE continued to attempt to narrow the issues down so that this motion was unnecessary but Plaintiff insisted on the payment of $6,500.00 for unwarranted and unearned attorney's fees to do so.  (See Kish Dec. at ¶ 19, Exhibit 2.)  Plaintiff's meet and confer was far from what could be considered a good faith attempt by Plaintiff to discuss thoroughly the substance of the contemplated motion and any potential resolution.

17

Opposition To Anti-SLAPP Motion

Moreover, the amounts sought by Plaintiff are dubious on their face. When Plaintiff attempted on his own to file an anti-SLAPP motion ("anti-SLAPP 1") he stated that he had been assisted by an attorney other than counsel prosecuting the pending motion. (See Kish Dec. at ¶ 20, Exhibit 4.) Yet current counsel for Plaintiff attached a declaration to the pending anti-SLAPP motion ("anti-SLAPP 2") representing that he spent five hours preparing the anti-SLAPP 2 motion. (See ECF Doc. No. 54-5 at ¶ 4.) The two motions are virtually identical with the only differences being the dates and signatories, and current counsels request for attorney's fees. The near identical nature of the two motions can be easily gleaned from a comparison of both versions. Mr. Kish did a Deltaview comparison and attaches to his Declaration a copy of Mr. Silverstein's anti-SLAPP motion so the Court can see the near identical nature of the motions. (See Kish Dec. at ¶ 21, Exhibit 4.) Based on the very minor changes to the motion, counsel for Plaintiff cannot credibly represent that those changes took five hours to make.

In addition, Plaintiff seeks fees for opposing, unsuccessfully, e360 and BDE's request for leave to file their Counterclaim. Such a request is nowhere provided for in the anti-SLAPP statute. Plaintiff also seeks fees for replying to this opposition and attending a hearing even though Plaintiff terminated the 20 day meet and confer process unilaterally and with no notice to e360 and BDE. This is just the most recent example of Plaintiff rewriting the rules by which everyone

18

Opposition To Anti-SLAPP Motion

else, including this Court, is supposed to operate.  Plaintiff should not be rewarded for doing so.

**G.    Conclusion.**

If this motion is granted e360 and BDE are essentially powerless to counteract the way Plaintiff has strung them along in this case, which by all accounts, is demonstrably without merit. This motion represents just the latest example of Plaintiff's tactics, with Plaintiff hiding behind California's anti-SLAPP statute, the attorney client privilege and litigation privilege, which currently serves his purpose, while ignoring this Court's Local Rules, which currently do not.

This Court should strike Plaintiff's motion to strike because it violates L.R. 7-3.  Alternatively, the Court should deny Plaintiff's motion in its entirety.  e360 and BDE have demonstrated that they can state and substantiate legally sufficient claims as to the defamation cause of action.  Moreover, e360 and BDE will voluntarily dismiss the abuse of process claim.  No attorneys' fees are warranted under these circumstances.

Dated March 24, 2007

/s/  Joseph L. Kish
Joseph L. Kish
Attorney for Defendants e360 Insight and
Bargain Depot Enterprises.

19

Opposition To Anti-SLAPP Motion