UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers): PLAINTIFF'S SPECIAL MOTION TO STRIKE UNDER CAL. CODE CIV. PROC. § 425.16** (filed 03/12/08)

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** (filed 03/17/08)

## I.   INTRODUCTION & BACKGROUND

Plaintiff William Silverstein provides internet web hosting and e-mail services as a sole proprietorship.  First Amended Complaint ("FAC") ¶ 1.  Plaintiff alleges that defendants E360Insight, LLC ("E360"), Bargain Depot Enterprises, LLC, aka bargaindepot.net ("Bargain Depot"), David Linhardt ("Linhardt"), and Moniker Online Services, LLC ("Moniker"), are engaged in the business of sending illegal, unsolicited commercial e-mail, otherwise known as "spam."  On March 16, 2006, plaintiff filed a complaint in the Los Angeles County Superior Court, asserting claims against all defendants for: (1) violation of California Business and Professions Code § 17529.5 et seq.; and (2) violation of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("the CAN-SPAM Act"), pursuant to 15 U.S.C. § 7702.  Plaintiff seeks injunctive relief, statutory damages of $1,000 for each of the complained of e-mails in accordance with California Business and Professions Code § 17529.5, statutory damages of $123 per e-mail under the CAN-SPAM Act, aggravated damages of $375 per e-mail in accordance with 15 U.S.C. § 7706(g)(3)(C), general damages to be determined at trial, punitive damages in an amount no less than $11,700,000, and attorneys' costs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

and fees. On April 30, 2007, defendants removed the action to this Court based on federal question jurisdiction under the CAN-SPAM Act and diversity jurisdiction.

On June 25, 2007, this Court dismissed the complaint pursuant to Fed. R. Civ. P 9(b) for failure to plead with sufficient particularity, but granted plaintiff leave to amend. The Court also granted with leave to amend, defendants' motion to dismiss the complaint against Moniker and Linhardt. On August 6, 2007, after allowing jurisdictional discovery, the Court denied Moniker's renewed motion to dismiss it for lack of personal jurisdiction, but granted Linhardt's renewed motion to dismiss him for lack of personal jurisdiction.

On July 24, 2007, plaintiff filed his FAC adding claims for (1) trespass to chattels; (2) violation of California Penal Code § 502; (3) negligence per se; and (4) libel per se.

On December 26, 2007, defendants E360 and Bargain Depot requested leave to file a counter-complaint, and thereafter, on January 28, 2008, the Court granted the request. On January 29, 2008, E360 and Bargain Depot filed their counter-complaint. Therein, E360 asserts a counterclaim for defamation and both E360 and Bargain Depot assert a counterclaim abuse of process.

On March 12, 2008, plaintiff filed the instant special motion to strike E360's and Bargain Depot's counterclaims, pursuant to Cal. Code. Civ. Proc. § 425.16. E360 and Bargain Depot filed their opposition thereto on March 24, 2008. Plaintiff filed his reply on March 31, 2008. On March 17, 2008, defendants filed their present motion for summary judgment as to plaintiff's FAC. Plaintiff filed his opposition to defendants' motion for summary judgment on March 28, 2008. Defendants filed their reply to plaintiff's untimely opposition on March 31, 2008. A hearing was held on April 7, 2008. After carefully considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|----------|----------------|------|-------------|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

## II.   LEGAL STANDARD

### A.   CALIFORNIA'S ANTI-SLAPP STATUTE

Plaintiff seeks to strike defendants' counterclaims for defamation and abuse of process pursuant to California's Anti-Strategic Lawsuit Against Public Participation (Anti-SLAPP) statute, Cal. Code Civ. Proc. § 425.16.

"The Legislature enacted section 425.16 to prevent and deter lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.  Because these meritless lawsuits seek to deplete the defendant's energy and drain his or her resources, the Legislature sought to prevent SLAPPs by ending them early and without great cost to the SLAPP target."  Soukup v. Law Offices of Herbert Hafif, 39 Cal. 4th 260, 278 (2006); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1109 (9th Cir. 2003) (noting that the purpose of the anti-SLAPP statute is "to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation.").  This statute allows a court to strike any state claim arising from a defendant's exercise of constitutionally protected rights of free speech or petition for redress or grievances.  Flatley v. Mauro, 39 Cal. 4th 299, 312-13 (2006); Cal. Code. Civ. Proc. § 426.16(b)(1).  The anti-SLAPP statute is to be construed broadly.  Cal. Code Civ. Proc. § 426.16(a); Verizon Del., Inc. v. Covad Commc'ns Co., 377 F.3d 1081, 1091 (9th Cir. 2004).

Defendants sued in federal court are entitled to bring anti-SLAPP motions to strike state law claims.  Covad, 377 F.3d at 1091; Kellas v. Smith, 2006 U.S. Dist. LEXIS 96659, at *8-*9 (C.D. Cal. 2006).  The court in Rogers v. Home Shopping Network, Inc., 57 F. Supp. 2d 973 (C.D. Cal. 1999), set forth a standard to be applied for such motions that has been widely adopted by courts in this Circuit:

> If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

> If a defendant makes a special motion to strike based on the plaintiff's alleged failure of proof, the motion must be treated in the same manner as a motion under Rule 56 except that again the attorney's fees provision of § 425.16(c) applies.

Id. at 983; see, e.g., Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001); Aeroplate Corp. v. Arch Ins. Co., 2007 U.S. Dist. LEXIS 86207, at *22-23 (E.D. Cal. 2007) (citing Condit v. Nat'l Enquirer, 248 F. Supp. 2d 945, 952-53 (E.D. Cal. 2002); Bulletin Displays, LLC v. Regency Outdoor Adver., Inc., 448 F. Supp. 2d 1172, 1180 (C.D. Cal. 2006). Because the present motion is made prior to the completion of discovery, the standards governing a motion to dismiss pursuant to Rule 12(b)(6) apply.

## B. MOTION TO DISMISS

A Fed. R. Civ. P. 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

theory." <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (<u>e.g.</u>, facts presented in briefs, affidavits, or discovery materials).  <u>In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.</u>, 102 F.3d 1524, 1537 (9th Cir. 1996), <u>rev'd on other grounds sub nom</u> <u>Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach</u>, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  <u>In re Silicon Graphics Inc. Sec. Litig.</u>, 183 F.3d 970, 986 (9th Cir. 1999); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  <u>United States v. City of Redwood City</u>, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986); <u>see</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

## C.    MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested.  See Fed. R. Civ. P. 56(c).  The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit."  Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990).  See also Celotex Corp., 477 U.S. at 324.  Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322.  See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law.  See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987).  When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997).  Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  See Matsushita, 475 U.S. at 587.

## III.   DISCUSSION

### A.   SPECIAL MOTION TO STRIKE STATE CLAIMS PURSUANT TO CALIFORNIA'S ANTI-SLAPP STATUTE

Section 425.16(b)(1) establishes a two-step process for evaluating an anti-SLAPP motion.  The threshold question is whether plaintiffs' claims arise from acts in furtherance of free speech.  Four Navy SEALs v. Associated Press, 413 F. Supp. 2d 1136, 1149 (S.D. Cal. 2005).  The statute defines "action in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" as including the following:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16(e).

With regard to the second step in this analysis,

[o]nce it is determined that an act in furtherance of protected expression is being challenged, the plaintiff must show a "reasonable probability" of prevailing in its claims for those claims to survive dismissal. To do this, the plaintiff must demonstrate that "the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." This burden is "much like that used in determining a motion for nonsuit or directed verdict," which mandates dismissal when "no reasonable jury" could find for the plaintiff. Thus, a defendant's anti-SLAPP motion should be granted when a plaintiff presents an insufficient legal basis for the claims or "when no evidence of sufficient substantiality exists to support a judgment for the plaintiff."

Metabolife Intern., Inc. v. Wornick, 264 F.3d 832, 840 (9th Cir. 2001) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

"The plaintiff's showing of facts must consist of evidence that would be admissible at trial."  Hall v. Time Warner, Inc., 153 Cal. App. 4th 1337, 1346 (2007).

## 1.   WHETHER PLAINTIFF'S CLAIMS ARISE FROM PROTECTED ACTIVITY

"A statement is made in furtherance of free speech if it is 'made in a public forum or in furtherance of the constitutional rights of petition or speech in connection with an issue of public interest.'"  Aeroplate Corp. v. Arch Ins. Co., 2006 U.S. Dist. LEXIS 82180, *16 (E.D. Cal. 2006) (quoting Condit v. Nat'l Enquirer, Inc., 248 F. Supp. 2d 945, 953 (E.D. Cal. 2002)).

### a.   COUNTERCLAIM ONE (DEFAMATION)

E360's counterclaim for defamation is predicated on two statements. First, the counterclaim is predicated on a statement allegedly posted on plaintiff's counsel's website stating that "Silverstein decided to [sic] this lawsuit when E360 filed suit against individuals calling E360 and Linhardt spammers.  'I don't like bullies or liars,' said Mr. Silverstein when he said that E360 and Linhardt needs [sic] to be sued." Counter-complaint ¶ 9.

Plaintiff contends that the counter-complaint fails to allege that he ever uttered the allegedly defamatory statements to his counsel, F. Bari Najadpour ("Najadpour"). Plaintiff asserts that the counter-complaint alleges only that the allegedly defamatory statements exist in a writing, which writing attributes the statements to plaintiff.  Plaintiff argues that notwithstanding this failure, his statement constitutes protected speech. Accordingly to plaintiff, because he made the allegedly defamatory statement to his attorney in preparation for filing this lawsuit, his statement is protected by the litigation privilege of Cal. Civ. Code § 47(b).

As a preliminary matter, Court concludes that the counter-complaint sufficiently alleges that plaintiff referred to E360 and Linhardt as "spammers" and as "bullies or liars."  Additionally, plaintiff fails to offer any support, by way of a declaration or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | | Date | May 5, 2008 |
|----------|----------------|---|------|-------------|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | | |

otherwise, for his contention that he made the statements to his attorney in contemplation of trial.  Moreover, plaintiff wholly fails to put these statements in context.  Accordingly, the Court concludes that plaintiff has not made a threshold showing that he engaged in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

protected speech.  The Court therefore denies plaintiff's anti-SLAPP motion in this regard.

Second, the counterclaim for defamation is predicated on an alleged June 28, 2007 statement published by plaintiff onto Usenet, stating that "[Silverstein] received spam from [E360], therefore [E360] must be a spammer."  Counter-complaint ¶ 12.

E360 concedes that Usenet constitutes a public forum and that the statement made on Usenet was an act in furtherance of plaintiff's right of free speech.  Accordingly, plaintiff has met his burden of establishing that E360's counterclaim regarding the statement plaintiff published on Usenet arises from the exercise of plaintiff's free speech rights.  For E360 to allege a viable counterclaim for defamation, with respect to the statement plaintiff published on Usenet, it must set forth a prima facie case showing that this counterclaim is likely to succeed.

### b.    COUNTERCLAIM TWO (ABUSE OF PROCESS)

E360 and Bargain Depot's counterclaim for abuse of process is based on allegations that plaintiff filed the instant lawsuit without any factual basis, to harass E360 and Bargain Depot, and to obtain confidential business information to which plaintiff is not entitled.  Specifically, E360 and Bargain Depot claim that plaintiff lacks information pertaining to the allegedly offending emails.

Plaintiff's filing of the instant lawsuit constitutes protected activity.  See Rusheen v. Cohen, 37 Cal. 4th 1048, 1056 (2005) ("'Any act' includes communicative conduct such as the filing, funding, and prosecution of a civil action.").  Accordingly, E360 and Bargain Depot must set forth a prima facie case showing that their abuse of process claim is likely to succeed.

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|----------|----------------|------|-------------|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

/ / /

**2.    WHETHER THERE IS A REASONABLE PROBABILITY THAT PLAINTIFFS' WILL PREVAIL ON THEIR STATE LAW CLAIMS**

As discussed <u>supra</u>, to establish the necessary probability of prevailing, defendants must have pled claims that are "legally sufficient" and make a sufficient evidentiary showing that they will succeed on the merits of their claims.

**a.    COUNTERCLAIM ONE (DEFAMATION)**

Plaintiff contends that E360 is a limited purpose public figure. Plaintiff further contends that issues regarding spam are issues of public interest. Plaintiff thus argues that E360 must prove actual malice on the part of plaintiff in order to recover damages for its counterclaim for defamation.

The United States Supreme Court has explained that a limited purpose public figure is an individual who "voluntarily injects himself or is drawn into a particular public controversy and thereby becomes a public figure for a limited range of issues." <u>Gertz v. Robert Welch, Inc.</u>, 418 U.S. 323, 351 (1974). To be a limited purpose public a person "must have undertaken some *voluntary* act through which he seeks to influence the resolution of the public issues involved. As such, the mere involvement of a person in a matter which the media deems to be of interest to the public does not, in and of itself, require that such a person become a public figure for the purpose of a subsequent action." <u>Reader's Digest Ass'n v. Super. Ct.</u>, 37 Cal. 3d 244, 254 (1984) (emphasis in original; footnote omitted). A court must inquire into "the nature and extent of an individual's participation in the particular controversy giving rise to the defamation." <u>Gertz</u>, 418 U.S. at 352.

In <u>Copp v. Paxton</u>, 45 Cal. App. 4th 829 (1996), the California Court of Appeal set forth the elements that must be present in order to characterize a person as a limited

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

purpose public figure. Id. at 845-46. First, courts must decide whether a "public controversy" is at issue. Id. at 845. There is a public controversy "'[i]f the issue was being debated publicly and if it had foreseeable and substantial ramifications for nonparticipants, it was a public controversy.'" Id. at 845 (quoting Reader's Digest Ass'n v. Super. Ct., 37 Cal. 3d at 254). Second, courts must look to whether the person undertook some voluntary act through which he or she sought to influence resolution of the issue. Id. at 845-46. "'Finally, the alleged defamation must have been germane to the plaintiff's participation in the controversy.'" Id. at 846 (quoting Waldbaum v. Fairchild Publications, Inc., 627 F.2d 1287, 1298 (D.C. Cir. 1980)).

Based on the present record, the Court cannot determine that E360 is a limited purpose public figure. For example, while plaintiff argues that E360 made public postings on Usenet, it is unclear to which postings plaintiff is referring.

Assuming arguendo that E360 is a limited purpose public figure, the Court concludes that there is evidence from which a jury can infer plaintiff's actual malice. To prove actual malice counterdefendants must show that when plaintiff made the statement that E360 sends spam and is a "spammer" (a) plaintiff knew that the statement was false or (b) that plaintiff acted in reckless disregard of whether it was false. New York Times Co. v. Sullivan, 376 U.S. 254, 281 (1964).

It appears that plaintiff did not have any reason to believe that E360 sent him the allegedly offending emails. Contrary to plaintiff's arguments, the fact that plaintiff received spam does not answer the question of who sent plaintiff that spam. Accordingly, the Court DENIES plaintiff's motion to strike in this regard without prejudice to its being renewed.

### b.    COUNTERCLAIM TWO (ABUSE OF PROCESS)

"The tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed." Brown v. Kennard, 94 Cal. App. 4th 40, 44 (2001). The elements of the tort of abuse of process are: "that the defendant (1) contemplated an ulterior motive in using the process; and (2) committed a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | | Date | May 5, 2008 |
|----------|----------------|---|------|-------------|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | | |

willful act in the use of the process not proper in the regular conduct of the proceedings."
Id.

     E360 and Bargain Depot urge the Court to deny plaintiff's motion to strike their abuse of process counterclaim arguing that they have offered to voluntarily dismiss this counterclaim.  At the hearing held herein, defendants' counsel represented that E360 and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|----------|----------------|------|-------------|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

Bargain Depot first offered to dismiss their abuse of process counterclaim during the L.R. 7-3 meet and confer meeting with plaintiff Silverstein.[1]

Based on defendants' counsel's representations, it appears that E360 and Bargain

---

[1] E360 and Bargain Depot argue that the present motion to strike is premature and should be stricken because plaintiff failed to meet and confer with defendants pursuant to L.R. 7-3. E360 and Bargain Depot maintain that their L.R. 7-3 meeting with Silverstein, who purported to be proceeding pro se with respect to the counterclaim asserted against him, did not constitute a "meaningful conference as contemplated by this Court's local rules because Mr. Silverstein did not have any understanding of admissible evidence." Opp'n to Special Mot. to Strike at 4. Further, E360 and Bargain Depot argue that the meeting was never completed because Silverstein represented that he was going to explain why the emails he had disclosed established defendants' liability, but that he failed to do so. Finally, E360 and Bargain Depot argue that the present motion should be stricken because Nejadpour failed to meet and confer with defendants pursuant to L.R. 7-3.

By order dated February 20, 2008, the Court denied Silverstein's request to appear pro se for purposes of defending himself against the counterclaim. Docket No. 47. Then, on February 21, 2008, Silverstein filed his special motion to strike. Docket No. 45. However, in light of the Court's order dated February 20, 2008, Silverstein's special motion to strike was stricken from the record and the hearing vacated, subject to being renewed and filed by his counsel of record. Id. On March 12, 2008, plaintiff's counsel of record, Nejadpour, filed the instant special motion to strike E360's and Bargain Depot's counterclaims, pursuant to Cal. Code. Civ. Proc. § 425.16.

It appears to the Court that the initial meet and confer meeting between Silverstein and E360 and Bargain Depot's counsel, which apparently lasted two hours, sufficiently satisfied the requirements of L.R. 7-3. Accordingly, the Court declines to strike plaintiff's present special motion to strike for failure to comply with L.R. 7-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

Depot only offered to dismiss their abuse of process counterclaim after plaintiff threatened to file his anti-SLAPP motion. Moreover, to date, defendants' counsel never sought leave of the Court to voluntarily dismiss E360 and Bargain Depot's counterclaim for abuse of process. Because, at the hearing held herein, E360 and Bargain Depot's counsel conceded that their counterclaim for abuse of process is precluded by <u>Silberg v. Anderson</u>, 50 Cal. 3d 205 (1990), thereby acknowledging that the counterclaim for abuse of process is not "legally sufficient" nor meritorious, the Court hereby GRANTS plaintiffs' motion to strike E360 and Bargain Depot's counterclaim for abuse of process.

### c. ATTORNEY'S FEES AND COSTS

A court must award attorney's and costs to a successful anti-SLAPP movant: "In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Code § 425.16(c); <u>Ketchum v. Moses</u>, 24 Cal. 4th 1122, 1131 (2001). An award is proper even if the anti-SLAPP motion is granted only in part. <u>Computerxpress, Inc. v. Jackson</u>, 93 Cal. App. 4th 993, 1019 (2001).

While a court is required to award the prevailing party attorney's fees, the amount of such fees is to be determined by the court in its discretion. <u>See Paulus v. Bob Lynch Ford, Inc.</u>, 139 Cal. App. 4th 659, 685 (2006); <u>Metabolife Int'l., Inc. v. Wornick</u>, 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002) ("[T]he court has broad discretion in determining the reasonable amount of attorney fees and costs to award a prevailing defendant."). The amount awarded must be reasonable, and it must also "adequately compensate the [prevailing party] for the expense of responding to a baseless suit." <u>Dove Audio, Inc. v. Rosenfeld, Meyer & Susman</u>, 47 Cal. App. 4th 777, 785 (1996). Generally, the reasonableness of fees is determined first by calculating the "lodestar" figure, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. <u>Miller v. Los Angeles Co. Bd. of Educ.</u>, 827 F.2d 617, 621 (9th Cir. 1987). A reasonable hourly rate is the prevailing market rate in the relevant community. <u>PLCM Group v. Drexler</u>, 22 Cal. 4th 1084, 1095 (2000). In determining the reasonableness of attorney's fees requested, a court should consider "the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|----------|----------------|------|-------------|

| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive |
|-------|---------|

litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded [citation]; the intricacies and importance of the litigation, the labor and the necessity for skilled legal training and ability in trying the cause, and the time consumed." Clejan v. Reisman, 5 Cal. App. 3d 224, 241 (1970) (quoting Berry v. Chaplin, 74 Cal. App. 2d 669, 678 (1946)).

The prevailing party "bears the burden of submitting detailed time records justifying the hours claims to have been expended." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986). "To that end, the court may require defendants to produce records sufficient to provide a proper basis for determining how much time was spent on particular claims. The court also may properly reduce compensation on account of any failure to maintain appropriate time records." Computerxpress, Inc. v. Jackson, 93 Cal. App. 4th 993, 1020 (2001) (internal citations and quotations omitted). Finally, the court must have "[s]ubstantial evidence support[ing] the reasonableness of the fee award." Macias v. Hartwell, 55 Cal. App. 4th 669, 675 (1997).

Here, as to the counterclaim for abuse of process, plaintiff is the prevailing party for purposes of California's anti-SLAPP statute. Accordingly, the Court is required to award plaintiff reasonable attorney's fees and costs. While plaintiff has requested attorney's fees and costs, he has not specifically indicated the total amount that he seeks. However, plaintiff has submitted two declarations in support of his request for fees and costs. The first declaration is that of plaintiff's counsel of record, Nejadpour. In his declaration, Nejadpour states that he bills at a rate of $360 per hour. Nejadapour's declaration also sets forth the number of hours he expended for the motion: (1) thirteen hours opposing E360 and Bargain Depot's motion for leave to add counterclaims, (2) two hours conferring with plaintiff before plaintiff attempted to file his first anti-SLAPP motion pro per, (3) three hours in "deal[ing]" with the Court's denial of plaintiff's motion to proceed pro se and in reviewing the motion to strike, (4) nine hours on the reply brief, and (5) an estimated three hours in appearing to argue the present motion to strike. Declaration of F. Bari Nejadpour in Support of Pl.'s Reply ¶ 5. Plaintiff has also submitted the declaration of Timothy Walton ("Walton"). Walton apparently assisted plaintiff in drafting the first anti-SLAPP motion that plaintiff unsuccessfully attempted to file. In his declaration, Walton states that he charges at a rate of $350 per hour. Walton

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|---|---|---|---|

| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive |
|---|---|

contends that he billed plaintiff for 5.9 hours of work prior to February 15, 2008, and .4 hours after February 15, 2008. It therefore appears that plaintiff seeks $13,005 in attorney's fees. Plaintiff also seeks $800 in expert witness fees.

As a preliminary matter, the Court notes that plaintiff is entitled only to attorney's fees and costs "incurred in connection with" the present anti-SLAPP motion, and "necessary to prevail" thereon. Metabolife Int'l Inc. v. Wornick, 213 F. Supp. 2d 1220, 1221-24 (S.D. Cal. 2002); Lafayette Morehouse, Inc. v. The Chronicle Publishing Co., 39 Cal. App. 4th 1379, 1383 (1996). Plaintiff is not entitled to the full amount of fees and costs he seeks since he is not the prevailing party on his motion to strike E360's counterclaim for defamation. Computerxpress, Inc. v. Jackson, 93 Cal. App. 4th 993, 1019 (2001) (movant may recover attorney's fees and costs incurred in moving to strike claims on which they prevailed, but not fees and costs incurred in moving to strike legally or factually unrelated claims on which they did not prevail). Plaintiff further seeks attorney's fees incurred in opposing E360 and Bargain Depot's motion for leave to add the abuse of process counterclaim, and fees incurred in retaining his expert witness. However, plaintiff does not explain why he is entitled to such fees. Notwithstanding this failure, it is clear that plaintiff's opposition to E60 and Bargain Depot's motion to add the abuse of process counterclaim minimally addressed the present motion to strike the abuse of process counterclaim. Further, opposing E360 and Bargain Depot's motion to add the abuse of process counterclaim was not necessary to prevail on the present motion to strike. Thus, the Court declines to award attorney's fees incurred in opposing the motion to add the abuse of process counterclaim. Finally, the declaration of plaintiff's proffered expert witness was wholly unnecessary to prevail on plaintiff's motion to strike the abuse of process counterclaim.

The Court further finds that plaintiff cannot recover for fees incurred by Walton. Although the Court is mindful that a pro se litigant is entitled to recover attorney's fees for the services of assisting counsel, see e.g., Dowling v. Zimmerman, 85 Cal. App. 4th 1400, 1425 (2001), here, plaintiff's case was, at all times, being prosecuted by plaintiff's counsel of record, Nejadpour. By order dated February 20, 2008, the Court denied plaintiff's request to proceed as a pro se counterdefendant. It was unreasonable for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

plaintiff to attempt to file the first anti-SLAPP motion pro se, and to seek Walton's assistance.  It would be improper to penalize E360 and Bargain Depot by charging them for work performed by both Walton and Nejadpour.  Therefore, the Court will only take into consideration fees incurred by Nejadpour in researching, preparing, filing, and arguing plaintiff's motion to strike.

Nejadpour claims that he spent a total of seventeen hours in prosecuting the instant motion to strike.  Other than his conclusory declaration, Nejadpour has not submitted any evidence (e.g., time sheets) to support his request for attorney's fees.  Nor has Nejadpour explained in any detail what work he performed.   The Court therefore orders plaintiff to submit records to support his request for attorney's fees incurred in connection with the instant motion to strike.  See Computerxpress, Inc. v. Jackson, 93 Cal. App. 4th 993, 1020 (2001).

**B.     DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**1.     CLAIMS ASSERTED AGAINST DEFENDANTS E360 AND BARGAIN DEPOT**

**a.     CLAIMS ONE THROUGH FIVE**

Defendants move for summary adjudication as to plaintiff's first, second, third, fourth, and fifth claims arguing inter alia that plaintiff has failed to proffer any evidence showing E360 and Bargain Depot sent, caused to be sent, and/or advertised in any of the allegedly offending emails.

Plaintiff responds that defendants have refused to produce discovery as requested, thereby thwarting his efforts to establish that E360 and Bargain Depot sent or caused to be sent the emails at issue here.

Federal Rule of Civil Procedure 56(f) provides that, "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|----------|----------------|------|-------------|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

In light of plaintiff's representation that defendants have refused to provide him with (a) a list of domain names and IP addresses owned and/or controlled by E360 and Bargain Depot or (b) a log of relevant email transmissions, the Court denies defendants' motion for summary adjudication as to plaintiff's first, second, third, fourth, and fifth claims for relief without prejudice.

It does not appear that plaintiff has sought to compel said discovery by filing a motion to compel before Magistrate Judge Victor B. Kenton. The Court hereby directs plaintiff to proceed before the Magistrate Judge in accordance with the Local Rules of Court.[2]

### b.    CLAIM SIX

In plaintiff's sixth claim for libel per se, plaintiff alleges that "[o]n June 28, 2007, Linhardt [, "acting in his official capacity as president of e360,"] published a statement onto Usenet, using Google News, that plaintiff is a 'criminal vigilante,'" and implying that plaintiff illegally used E360's servers to send pornographic e-mails to E360's clients. FAC ¶¶ 135, 138, 146.

#### i.    Statement describing plaintiff as a "criminal vigilante"

Libel per se is a statement that is defamatory on its face. Cal. Civ. Code § 45(a); Barnes-Hind, Inc. v. Super. Ct., 181 Cal. App. 3d 377, 381 (1986). "The charge of commission of some kind of crime is obviously libel per se." 5 B.E. Witkin, Summary of California Law § 542 (2005).

_____

[2] In light of the Court's denial of plaintiff's anti-SLAPP motion any discovery stayed herein is no longer in effect.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|----------|----------------|------|-------------|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

Defendants, relying largely upon <u>Ferlauto v. Hamsher</u>, 74 Cal. App. 4th 1394 (1999), argue that the Usenet statement describing plaintiff as a "criminal vigilante" was mere hyperbole and that it is therefore not actionable.  Defendants assert that the context in which the statement was made, referring to this Court's dismissal of Linhardt from this case for lack of personal jurisdiction, "demonstrates that [E]360 was not implying a statement of fact but rather emphasizing the status of the litigation in a rhetorical and hyperbolic way."  Motion for Summary Judgment ("MSJ") at 16.  Defendants urge the Court to follow <u>Goetz v. Kunstler</u>, 164 Misc. 2d 557 (N.Y. Sup. Ct. 1995), which held that defendant Kunstler's description of Goetz as a "murderous vigilante" was not actionable because it would be understood to be an opinion.  <u>Id.</u> at 563.

In <u>Ferlauto</u>, the California Court of Appeal held that "'rhetorical hyperbole,' 'vigorous epithet[s],' 'lusty and imaginative expression[s] of . . . contempt,' and language used 'in a loose, figurative sense' have all been accorded constitutional protection." <u>Ferlauto</u>, 74 Cal. 4th at 1401 (quoting <u>Greenbelt Pub. Ass'n. v. Bresler</u>, 398 U.S. 6, 14 (1970)).  Whether an allegedly defamatory statement is a fact or opinion is ordinarily a question of law for the court.  <u>Campanelli v. Regents of the Univ. of Cal.</u>, 44 Cal. App. 4th 572, 577 (1996).  However, if the allegedly defamatory statement "could have been understood by the average reader in either sense, the issue must be left to the jury's determination."  <u>Good Gov't Group, Inc. v. Super. Ct.</u>, 22 Cal. 3d 672, 682 (1978).  To make this determination, the court must look to both the language of the statement and the context in which it was made.  <u>Baker v. L.A. Herald Exam'r</u>, 42 Cal. 3d 254, 260 (1986).

The Court concludes that the description of plaintiff as a "criminal vigilante" could be understood by the reader as either fact or opinion.  The statement appears immediately after an excerpt from this Court's order dated June 25, 2007, dismissing plaintiff's complaint.  This might suggest to the average reader that plaintiff filed an unlawful, fraudulent suit.

Defendants reliance on <u>Goetz v. Kunstler</u>, 164 Misc. 2d 557 (N.Y. Sup. Ct. 1995) is unpersuasive.  There, Bernhard Goetz's New York City subway shooting of four youths was reported in the national news and widely discussed.  <u>Goetz</u>, 164 Misc. 2d at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|----------|----------------|------|-------------|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

563. Additionally, defendant Kunstler's article describing Goetz as a "murderous vigalante" set forth the facts on which his opinion was based. Id. Based on the foregoing, the court concluded that "[t]herefore, [Kunstler's] description of Goetz as a 'murderous vigilante' would be understood as an opinion, a mere hypothesis based upon facts both widely known and fully set forth. The reader clearly has the opportunity to assess the basis upon which this opinion was reached and draw his own conclusions concerning its validity." Id. at 563. Not only is the average reader unlikely to understand the significance of the Court's ruling, but the Usenet posting does not set forth any facts about the nature of this case. Accordingly, the Court denies defendants' motion for summary judgment as to plaintiff's sixth claim to the extent that claim is predicated on the "criminal vigilante" statement.

> **ii.    Statement implying that plaintiff illegally accessed E360's servers**

Defendants argue that although the FAC does not specify where or when defendants asserted that plaintiff illegally accessed E360's computers, it can refer only to the following statement made in E360's motion for expedited discovery in the case entitled E360 Insight, LLC, et al. v. Mark James Ferguson et al., Case No. 07 L 4983 (Ill. Cir. Ct. (Cook County)): "'Plaintiffs believe that the hacker may be one of the individual defendants named in the above-captioned matter.'" MSJ at 18. Defendants argue that the statement is subject to the litigation privilege of Cal. Civ. Code § 47(b).

Because plaintiff does not dispute this assertion, it appears that plaintiff concedes that the allegedly defamatory statement is privileged under Cal. Civ. Code § 47(b). Accordingly, the Court grants defendants' motion for summary judgment as to plaintiff's sixth claim to the extent that the sixth claim is predicated on defendants accusation that plaintiff illegally accessed E360's servers.

> **2.    CLAIMS ASSERTED AGAINST DEFENDANT MONIKER**

Defendants moves for summary judgment on claims one, two, three, four, and five as against defendant Moniker, arguing that there is no evidence that Moniker sent or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

caused to be sent any of the allegedly offending email or that Moniker owns any of the domain names advertised in those emails.

Defendants concede that Bargain Depot's domain name was advertised in the allegedly offending emails sent.  However, defendants contend that they do not own or control the domain name bargaindepot.net.  In support of this contention, they offer only the declaration of Monte Cahn ("Cahn"), President of defendant Moniker; Cahn's conclusory assertions therein are not supported by any supporting documentation.  See Defendants' Statement of Uncontroverted Facts ¶ 66.  Plaintiff argues that it appears that Moniker owns/controls the domain name bargaindepot.net because Moniker's name appears in the WHOIS information.[3]  Plaintiff seeks to compel production of Moniker's privacy protected domain names so that he can determine whether Moniker sent, caused to be sent, or advertised in any of the allegedly offending emails.

Because plaintiff represents that he has sought to obtain discovery from defendants, but defendants have refused to provide such discovery, the Court denies defendants' motion for summary adjudication as to defendant Moniker without prejudice. It does not appear that plaintiff has sought to compel said discovery by filing a motion to compel before Magistrate Judge Victor B. Kenton.  The Court hereby directs plaintiff to proceed before the Magistrate Judge in accordance with the Local Rules of this Court.[4]

## IV.   CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff's special motion to strike E360's counterclaim for defamation without prejudice.  The Court GRANTS

---

[3] "WHOIS information," refers to the registrant's contact information. Register.com, Inc. v. Verio, Inc., 356 F.3d 393, 396 (2d Cir. 2004).

[4] In reaching this conclusion, the Court does not suggest that plaintiff's request is meritorious.  It may be, as defendants argue, that plaintiff's request is inappropriate, however, the Court concludes that this issue is better addressed by the Magistrate Judge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|----------|----------------|------|-------------|

| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive |
|-------|---------------------------------------------------------------------|

plaintiff's special motion to strike E360 and Bargain Depot's counterclaim for abuse of process, and orders plaintiff to submit records to support his request for attorney's fees incurred in connection with the instant motion to strike. Additionally, the Court DENIES defendants' motion for summary judgment as to plaintiff's first, second, third, fourth, and fifth claims. The Court further DENIES defendants' motion for summary judgment as to plaintiff's sixth claim for libel per se to the extent that the claim is predicated on the "criminal vigilante" statement. However, the Court GRANTS defendants' motion for summary judgment as to plaintiff's sixth claim to the extent that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2835 CAS | Date | May 5, 2008 |
|---|---|---|---|
| Title | WILLIAM SILVERSTEIN, an individual v. E360INSIGHT, LLC, BARGAIN DEPOT ENTERPRISES, LLC, AKA BARGAINDEPOT.NET, DAVID LINHARDT, an individual, MONIKER ONLINE SERVICES, LLC, And DOES 1-50; inclusive | | |

the claim is predicated on defendants' accusation that plaintiff illegally accessed E360's computer.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |